5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie James HILL, Plaintiff-Appellant,
v.
Jack COWLEY, Warden; Attorney General of the State of
Oklahoma, Defendant-Appellees.
 No. 92-5093.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Willie James Hill brought this petition for habeas corpus relief under 28 U.S.C. 2254. The district court dismissed for abuse of the writ pursuant to Rule 9(b) of the Rules Governing section 2254 Cases. Mr. Hill appeals, and we affirm.[2]
 
 
 3
 In 1982, Mr. Hill was charged with two counts of first degree murder in state court in Oklahoma. After a jury found him guilty, the court sentenced him to two consecutive life sentences. State v. Hill, No. CRF-81-1588 (Tulsa County Jan. 15, 1982). In 1988, Mr. Hill filed his first petition in federal court for habeas corpus relief, asserting nine grounds. The district court denied the petition. Hill v. Cowley, No. CIV-88-1953-R (W.D. Okla. Feb. 28, 1989). In 1991, Mr. Hill filed this federal habeas petition, asserting one claim. He argues that he was denied his liberty interest granted by Okla. Stat. tit. 22, 926 (1991). This statute permits defendants to request that a jury, as opposed to the court, set the punishment upon conviction.[3] Mr. Hill argues that the jury in his case should have been allowed to choose between consecutive or concurrent life sentences. Because the court made this determination instead of the jury, Mr. Hill asserts that he was denied his liberty without due process. He relies on Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), which holds that when a state vests a jury with discretion to impose punishment, the right to have the jury exercise that discretion is a constitutionally protected liberty interest.
 
 
 4
 The magistrate judge recommended dismissal of Mr. Hill's second petition on the ground that it constituted an abuse of the writ and that Mr. Hill had not met the cause-and-prejudice standard. The district court adopted the magistrate judge's report and dismissed the petition.
 
 
 5
 Rule 9(b) of the Rules Governing 2254 Cases provides that:
 
 
 6
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 7
 Mr. Hill did not raise the liberty interest argument in his first petition. In order to avoid dismissal for abuse of the writ, he must demonstrate cause for failing to raise the issue earlier and prejudice therefrom. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). "[T]he cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim ... " Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). As the magistrate judge noted, the cause standard requires a petitioner to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." Id. at 1472.
 
 
 8
 Mr. Hill argues as cause for his failure to raise the claim earlier that prison officials did not provide him with constitutionally adequate legal assistance to permit him to research the issues, thereby impeding his access to the courts. He alleges that he filed his state application for post-conviction relief and his federal petition for habeas with the "aid of an inmate working in the position of a inmate clerk." Aplt. Request to Supplement Authority at 1. He contends that this inmate law clerk was not properly trained in the law. Further, he asserts that there is an inadequate number of properly trained inmates available to assist inmates. Aplt. Br. at 10. The magistrate judge held these allegations insufficient to establish cause for not raising the claim.
 
 
 9
 We agree with the magistrate judge. A prison is not required to provide inmate paralegals but may do so as an alternative to an adequate law library. Bounds v. Smith, 430 U.S. 817, 828 (1977). Thus, if the State of Oklahoma has provided Mr. Hill with adequate access to an adequate law library, any lack of further legal assistance is inconsequential. Ward v. Kort, 762 F.2d 856, 860 (10th Cir.1985)(the state may choose between providing a law library and an alternative means of access).
 
 
 10
 Mr. Hill does not allege that he did not have access to an adequate law library. Failure to make this allegation is fatal to his claim of sufficient cause for failure to raise the liberty interest issue in his first habeas petition. Vick v. Maynard, No. 92-7018 (10th Cir. June 26, 1992). The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [3]
 "In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided." Okla. Stat. tit. 22, 926 (1991) (emphasis added)