**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANCISCO J. ROJAS-SANCHEZ,

  Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF KANSAS,

  Respondent-Appellee.

No. 00-3373
(D.C. No. 00-CV-3126-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

  Petitioner-Appellant Francisco Rojas-Sanchez ("Petitioner") filed a Petition

for a Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to

28 U.S.C. §2254 on April 13, 2000. Petitioner is currently serving a 136-month

state sentence on two counts of involuntary manslaughter which stemmed from a

1997 car accident in which Petitioner, who had been drinking heavily at the time,

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

struck and killed two people with his vehicle.  See <u>Rojas-Sanchez v. Kansas</u>

<u>Attorney Gen.</u>, No. 00-3126-DES, slip op. at 1 (D. Kan. Oct. 6, 2000)

(unpublished order) ("<u>Rojas-Sanchez</u>"). Petitioner, who pled nolo contendre to

both counts of involuntary manslaughter, alleged in his Petition that the trial court

improperly sentenced him above the applicable state sentencing guidelines range

when it departed upward from the guidelines based upon: Petitioner's drinking

prior to the accident, Petitioner's grave indifference to human life, Petitioner's

driving while intoxicated, and Petitioner's leaving the scene of an accident to

avoid responsibility.  See <u>id.</u>, slip op. at 2.  The Kansas Court of Appeals later

found that the trial court should not have relied upon evidence of Petitioner's

drunk driving to support the upward departure, but nevertheless upheld the 136-

month sentence based upon Petitioner's fleeing the scene of the accident and his

grave indifference to human life.  See <u>id.</u>  In his Petition, Petitioner argued that

the upward departure, even as narrowed by the appellate court, was not supported

by the evidence, such that his "due process and constitutional rights" were

violated by the upward departure.  (See Petitioner's Reply Br. at 3 (filed July 10,

2000).)[1]

---

[1]  On appeal, Petitioner appears to assert that he was not informed by his trial attorney of the possibility of an upward departure from the sentencing guidelines and thus that his plea was not knowing and voluntary.  (See Petitioner's Br. at 2, 4.)  Petitioner did not make either of these arguments before

(continued...)

The district court ordered responsive briefing from the State of Kansas. See Rojas-Sanchez v. Kansas Attorney Gen., No. 00-3126-DES (D. Kan. June 6, 2000) (unpublished Order to Show Cause). After reviewing the submissions from both parties, the district court denied Petitioner's claims on the merits. See Rojas-Sanchez, slip op. at 4. The district court determined that Petitioner was primarily asserting a state-law claim, i.e., that the state court improperly deviated from its sentencing guidelines, for which the federal courts may not grant relief. See id., slip op. at 3 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). The district court then acknowledged that "due process interests are implicated if a state court arbitrarily imposes a criminal sentence not authorized by state law," id. (citing Hicks v. Oklahoma, 447 U.S. 343 (1980)), but found that the sentence imposed by the trial court, which was later affirmed on narrower grounds by the Kansas Court of Appeals, was supported by the record and thus did not constitute arbitrary action.

Petitioner filed a request for a certificate of appealability ("COA") and for leave to proceed on appeal in forma pauperis, both of which were rejected by the district court. Petitioner then filed with this court another request for a COA and for permission to proceed on appeal in forma pauperis. Subsequent to Petitioner's

[1](...continued)
the district court, however, and we will not address them for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

- 3 -

initial filings with this court, the district court reconsidered his request to proceed on appeal in forma pauperis and granted that motion in an Order dated December 20, 2000. See Rojas-Sanchez v. Kansas Attorney Gen., No. 00-3126-DES (D. Kan. Dec. 20, 2000) (unpublished Order).

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)). Under the provisions of AEDPA, a state prisoner appealing a district court's denial of habeas relief under §2254 must obtain a COA before we may consider the merits of his claim. See 28 U.S.C. §2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). Because the district court denied Petitioner's COA, we must first decide whether to issue Petitioner's requested COA before we may address his claims on the merits. See United States v. Simmonds, 111 F.3d 737, 740-41 (10th Cir. 1997).

We have carefully reviewed the record in this case and, for substantially the same reasons as those expressed by the district court when denying the Petition below, we find that Petitioner has not "made a substantial showing of a denial of a constitutional right" and thus decline to issue a COA in this case. We also hold

that Petitioner's motion to proceed on appeal in forma pauperis should be DISMISSED as moot.

This appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge