F I L E D

**UNITED STATES COURT OF APPEALS**

JUL 2 2001

**TENTH CIRCUIT**

KURK KENDALL JOHNSON,

      Petitioner - Appellant,

vs.

RON WARD,

      Respondent - Appellee.

No. 00-5217
(D.C. No. 97-CV-777-BU)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Mr. Johnson, a prisoner appearing pro se, appeals from the district court's

denial of his application for a certificate of appealability ("COA") and petition for

habeas corpus relief. More than two decades ago, Mr. Johnson was convicted in

two separate trials in Oklahoma of kidnapping for the purpose of extortion and

second degree murder. He appealed his conviction for second degree murder,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

sought state post-conviction relief on four separate occasions, and then petitioned for federal habeas relief. R. doc. 28, at 3-4. The district court denied Mr. Johnson's petition and his application for a COA. R. doc. 28, at 17; R. doc. 36, at 2. On appeal, Mr. Johnson has identified four issues which he believes satisfies the required showing for a COA: (1) double jeopardy, (2) conviction under a repealed statute, (3) defective second degree murder information, and (4) ineffective assistance of trial and appellate counsel. Pet. Br. at 4. Mr. Johnson identified these same issues in his habeas petition to the district court. R. doc. 3, at 1. We have jurisdiction under 28 U.S.C. § 2253(c)(1)(A), and deny Mr. Johnson a COA and dismiss his petition.

We have considered Mr. Johnson's petition and COA application, and have reviewed the district court's order and accompanying pleadings in the record, including Mr. Johnson's August 25, 1997 habeas petition. Having done so, we conclude that a COA should not issue because Mr. Johnson has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With the exceptions noted infra, we are substantially in agreement with the district court's thorough analysis of Mr. Johnson's petition, including the conclusion that the subsequent murder prosecution of Mr. Johnson did not violate the Double Jeopardy Clause. See Brown v. Ohio, 432 U.S. 161, 166 & n.6 (1976); Blockburger v. United States, 284 U.S. 299 (1932).

The district court failed to address two of Mr. Johnson's arguments regarding the validity of the second degree murder statute under which he was convicted, Okla. Stat. tit. 21 § 701.4 (1973): (1) that § 701.4 was unconstitutional, and (2) that § 701.4 conflicted with Okla. Stat. tit. 22 § 926 (1971).  R. doc. 2, at 12-14.  This oversight, however, does not entitle Mr. Johnson to a COA.  Even had the district court addressed these arguments, the result would not have been different.  Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000).  § 701.4 was constitutional, Riggs v. Branch, 554 P.2d 823, 829-30 (Okla. Ct. Crim. App. 1976), overruled on other grounds, Selsor v. Turnbull, 947 P.2d 579 (Okla. Ct. Crim. App. 1997), and whether Okla. Stat. tit. 21 § 701.4 was consistent with Okla. Stat. tit. 22 § 926 is a question of state law, not cognizable in a federal habeas petition.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Contrary to Mr. Johnson's contention, he did not have a liberty interest in a jury determination of his sentence as the defendant did in Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).  Okla. Stat. tit. 21 § 701.4 did not give the jury discretion to determine Mr. Johnson's sentence.  Cf. id.

Mr. Johnson's application for a COA is DENIED, and his habeas petition is

DISMISSED.  Mr. Johnson's motion for appointment of counsel is also DENIED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge