**Eric UMALI, Petitioner—Appellant,**

v.

**A.A. LAMARQUE; People of State of California, Respondents— Appellees.**

No. 02–16307.
D.C. No. CV–01–01768–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2003.*

Decided March 18, 2003.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Eric Ayran Umali asserts that a California state court misstated and incorrectly applied the state law definition of insanity when it found him legally sane at the time

he committed attempted murder and willful injury of a child. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253 and affirm the district court's denial of Mr. Umali's habeas petition. We recount only the facts relevant to our decision.

A federal court may grant a state prisoner's petition for a writ of habeas corpus only if the state court's adjudication of the petitioner's claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. 28 U.S.C. § 2254(d).

The applicable legal standard for sanity is defined by California state law. Federal habeas courts do not re-examine state court determinations of state law questions; rather, the petitioner must show that the proceedings were so fundamentally unfair that the defendant was denied due process. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 71–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The term about which Mr. Umali complains, "appreciate," is a close synonym for "know and understand." The court's articulation of state law was not so indefensible that it violated Mr. Umali's federal due process rights. The district court's denial of Mr. Umali's habeas petition is therefore AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.