Kenneth TOWNSEND, Petitioner— Appellant,

v.

Jim HAMLET, Warden, Respondent— Appellee.

No. 03–16189.

D.C. No. CV–01–01054–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Kenneth Townsend, Soledad, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Allan Yannow, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

California state prisoner Kenneth Townsend appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for assault with a deadly weapon on a peace officer. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas petition, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir. 2002), and we affirm.

Townsend first contends that the state trial court violated his constitutional rights when it refused to instruct the jury on the use of excessive force by a police officer. We are unpersuaded. Although the trial court did not provide the specific instruction Townsend requested, it did provide the jury with numerous instructions regarding what is and is not permissible by a police officer in effectuating an arrest. Townsend has not demonstrated that the failure to provide the jury with his requested instruction had a "substantial and injurious effect or influence in determining

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Townsend's second contention, that he was denied due process when the trial court refused to allow a defense witness to testify, also fails because trial judges are given wide latitude to exclude evidence that is only marginally relevant. *See Crane v. Kentucky,* 476 U.S. 683, 689–90, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986).

Finally, Townsend contends that it was error for the trial court to impose a five-year sentence enhancement based on the jury's verdict. The court's imposition of the sentence enhancement based on the verdict was not erroneous. *Cf. Hicks v. Oklahoma,* 447 U.S. 343, 347, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) (granting habeas relief because the state court violated petitioner's "substantial and legitimate expectation" to a jury sentence and made a "wholly incorrect" finding that the error was harmless).

To the extent that Townsend's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1(e).

Townsend's motion to stay proceedings is denied.

AFFIRMED.