**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TREVOR P. JONES,

      Petitioner - Appellant,

v.

JOSEPH ORTIZ, Director, Colorado
Department of Corrections; RICK
SOARES, Warden, Limon
Correctional Facility, Limon,
Colorado; KEN SALAZAR, Attorney
General, State of Colorado,

      Respondents - Appellees.

No. 06-1225
(D.C. No. 03-N-671 (PAC))
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.


Petitioner Trevor P. Jones, a state inmate appearing by counsel, requires a

certificate of appealability (COA) so that he may appeal the district court's denial

of his habeas petition pursuant to 28 U.S.C. § 2254. See Fed. R. App. P.

22(b)(2). Because Mr. Jones has failed to demonstrate that it is reasonably

debatable whether the district court's ruling dismissing his claim was correct, see

Slack v. McDaniel, 529 U.S. 473, 484 (2000), we deny a COA and dismiss the

appeal.

In November 1996, Mr. Jones, then seventeen years old, was involved in the sham sale of a firearm in which Mr. Jones and a companion planned to take the victim's money without actually handing over the gun. During the coarse of the feigned transaction, the gun discharged, fatally wounding the victim. Following a jury trial in state district court, Mr. Jones was found guilty of first-degree felony murder, reckless manslaughter, robbery and conspiracy to commit robbery. The state trial court sentenced Mr. Jones to life imprisonment without parole for felony murder and imposed concurrent sentences of six years' imprisonment for reckless manslaughter, eight years' imprisonment for robbery, and eighteen months' imprisonment for conspiracy to commit robbery.

On direct appeal, the Colorado Court of Appeals (CCA) held that Mr. Jones could not be convicted of both felony murder and reckless manslaughter, vacated Mr. Jones's conviction for reckless manslaughter, and affirmed his felony murder conviction and its attendant life sentence. See People v. Jones, 990 P.2d 1098, 1102-03 (Colo. Ct. App. 2000). In this situation, Colorado law provides that the court give effect to the most serious offense as reflected by the longest sentence. Id. at 1102. Before the CCA, Mr. Jones argued that his felony murder conviction should be vacated, rather than his reckless manslaughter conviction, because to do otherwise would violate his Sixth and Fourteenth Amendment rights to jury trial and due process. See id. at 1104-05. Mr. Jones reasserted those claims in his federal habeas petition, which was referred to a magistrate judge. In a carefully

reasoned order, the magistrate judge recommended that the petition be dismissed; although the claims were properly exhausted, they were without merit.  Aplt. App. 44, 48, 57.  The district court adopted the recommendation after consideration of the pertinent objections.  Jones v. Ortiz, No. 03-CV-0671, 2006 WL 1050100, at *5-9 (D. Colo. Apr. 20, 2006).  On appeal, Mr. Jones argues that the CCA violated his right to due process and to trial by jury

Because the CCA disposed of Mr. Jones's constitutional claims on the merits, we review that decision under § 2254(d) and must uphold it unless it is "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or arrives at a result different from that reached by a Supreme Court decision involving  "materially indistinguishable" facts.  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  "[A]n unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

In rejecting Mr. Jones's constitutional claims, the CCA did not apply any rule which contradicts governing Supreme Court case law; nor did it arrive at a result different from the Court under factually indistinguishable circumstances. Thus, the CCA's decision was not "contrary to" clearly established federal law.

The success of Mr. Jones's petition therefore hinges on whether the CCA's decision was an unreasonable application of clearly established federal law. None of the Supreme Court decisions Mr. Jones relies upon, and none we can find, however, support his contention that the CCA, faced with two murder convictions for the killing of a single victim, was constitutionally required to give effect to the reckless manslaughter conviction.

First, Mullaney v. Wilbur, 421 U.S. 684, 703-04 (1975), held that it is inconsistent with due process to require a criminal defendant, rather than the prosecution, to bear the burden of proof to establish that the defendant acted in a heat of passion, and Morissette v. United States, 342 U.S. 246, 274 (1952), explained that due process requires that "[w]here intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury." Here, there is no contention that the prosecution did not bear the burden of proving all the essential elements of felony murder and that those elements were not properly submitted to the jury for decision. Those cases are therefore inapposite.

Mr. Jones also cites Ring v. Arizona, 536 U.S. 584 (2002), and Apprendi v. New Jersey, 530 U.S. 466 (2000), for the proposition that "[i]f the State cannot increase a defendant's sentence based upon a fact that a jury never determined, it must follow that the State cannot obtain an increased sentence . . . by . . . not giving mitigating effect to a finding that was in fact made by the jury . . . ." Aplt.

Br. at 37.  We are unpersuaded.  To begin, Mr. Jones's conviction for reckless manslaughter was hardly a mitigating fact found by the jury; it was a determination by the jury that the State had proven the elements of that crime beyond a reasonable doubt.  The jury also happened to determine that the State had proven the elements of felony murder beyond a reasonable doubt.  Giving effect to one of the jury's cumulative guilty verdicts instead of another—even if it is the conviction carrying the larger sentence—does not implicate the concern of judicial factfinding raised in Ring and Apprendi.  Also, the elements of the crime for which Mr. Jones is serving his sentence—namely, felony murder—were found by a jury to have been proven beyond a reasonable doubt and thus his general constitutional right to trial by jury was not offended.  The CCA's decision was therefore consistent with both Sullivan v. Louisiana, 508 U.S. 275, 277 (1993), and Duncan v. Louisiana, 391 U.S. 145, 149 (1968).

Finally, Mr. Jones's reliance on Oklahoma v. Hicks, 447 U.S. 343 (1980) is unavailing.  While Hicks acknowledges that a criminal defendant "has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion," id. at 346, Mr. Jones's expectation was fully honored when the jury exercised its statutory discretion and sentenced him to life imprisonment based on his felony murder conviction.  And the CCA's vacation of Mr. Jones's reckless manslaughter conviction in no way affects that conclusion.

Accordingly, we DENY Mr. Jones's request for a COA, DENY his request to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge