FILED
United States Court of Appeals
Tenth Circuit

March 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NATHAN OZELL GRIFFIN,

      Petitioner-Appellant,

v.

RANDY WORKMAN, Warden,
Oklahoma State Penitentiary,

      Respondent-Appellee.

No. 08-5150

(D.C. No. CV-04-345-JHP-PJC)
(N. D. Oklahoma)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE,** Circuit Judges.

---

Nathan Griffin, an Oklahoma state prisoner appearing *pro se*,[1] seeks a certificate of appealability ("COA") in order to challenge the district court's denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because Griffin has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] As he is proceeding *pro se*, we have construed Griffin's pleadings liberally. Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

I.

Griffin was tried by jury and found guilty of driving while under the influence of intoxicating liquor, in violation of Okla. Stat. tit. 47, § 11-902(A), and possession of a firearm after former conviction of a felony, in violation of Okla. Stat. tit. 21, § 1283. Based upon jury recommendations, Griffin was sentenced to ten days in jail with a $250 fine on the driving under the influence conviction, and thirty years' imprisonment with a $5000 fine on the firearm possession conviction.

On direct appeal, Griffin claimed: (1) prosecutorial misconduct during cross-examination of Griffin and during closing argument; (2) error by the trial court for using Griffin's prior convictions in sentencing; and (3) error by the trial court for not applying an Oklahoma statutory sentencing change retroactively. The Oklahoma Court of Criminal Appeals affirmed Griffin's convictions and sentences. Griffin v. Oklahoma, No. F-2001-1312 (Okla. Crim. App. Mar. 21, 2003). Griffin did not seek state post-conviction collateral relief.

Before the federal district court, Griffin raised the same claims in his § 2254 petition as he raised in his direct appeal to the Oklahoma courts. The district court denied Griffin's petition. Griffin has since filed a timely notice of appeal, as well as an application for a COA.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322,

2

336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

III.

Griffin seeks a COA with respect to the three issues raised in his federal habeas petition. For the reasons that follow, we conclude that he has failed to satisfy the standards for issuance of a COA with respect to any of these issues.

*Prosecutorial Misconduct*

Griffin argues that prosecutorial misconduct deprived him of due process and a fair trial, based on the prosecutor's comments during closing argument and the prosecutor's cross-examination questioning of Griffin. Griffin raised the same claims of prosecutorial misconduct in his direct appeal. We apply the standard articulated in Donnelly v. DeChristoforo, 416 U.S. 637 (1974), to claims of prosecutorial misconduct when a petitioner does not allege the prosecutor's argument directly affected a specific constitutional right. Under Donnelly, habeas

3

relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair. 416 U.S. at 642-48. Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Id. at 643.

The district court found that the Oklahoma Court of Criminal Appeals correctly rejected Griffin's prosecutorial misconduct claims based on its finding that it found no error in the prosecution's statements. The district court noted the strength of the evidence against Griffin at trial, which included the testimony of three state troopers and the firearm and casings recovered from or near Griffin's vehicle. After review of the evidence, the district court found that there was no reasonable probability that the jury's verdict and its recommended sentence were rendered fundamentally unfair by prosecutorial misconduct. See United States v. Young, 470 U.S. 1, 11-12 (1985) (concluding that a criminal conviction should not be readily overturned on the basis of a prosecutor's comments alone; statements must be viewed in context of entire proceeding to determine whether conduct affected fairness of trial). After examining the record on appeal, we agree with the district court, and conclude that Griffin is not entitled to a COA on this claim.

*Matters of State Law*

Griffin's final two claims focus exclusively on the proper interpretation of Oklahoma state law. Griffin claims the trial court erred by permitting the

4

prosecution to use contemporaneous felonies to establish both an element of the crime charged and the basis for sentence enhancement. Griffin also claims that an Oklahoma statutory sentencing amendment, which lowered the minimum sentence for his firearm possession offense should have been applied retroactively to reduce his sentence.

As the Supreme Court emphasized in Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), however, "it is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Rather, the Court stated, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. Because Griffin's claims involve purely matters of state law, they cannot serve as grounds for federal habeas relief.

A petitioner may also be entitled to habeas relief if he shows that the alleged violations of state law resulted in a denial of due process. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). The district court found, however, and after examining the record on appeal we agree, that Griffin has not demonstrated that he was convicted or sentenced in violation of Oklahoma's laws. Griffin has not shown, by clearly established Supreme Court precedent, that Oklahoma's decision on direct appeal resulted in any fundamental unfairness or otherwise denied him due process of law. Griffin is not entitled to a COA on these claims.

IV.

After carefully reviewing Griffin's appellate pleadings and the record on appeal, we conclude he has failed to establish that "reasonable jurists could debate whether" his habeas petition "should have been resolved in a different manner or . . . w[as] adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484.

We therefore DENY Griffin's request for a COA and DISMISS the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

6