SUMMARY ORDER
Amoldo Vargas-Estrada appeals from an order of the district court dated Janu *312 ary 8, 2007, denying his application for relief pursuant to 28 U.S.C. § 2255. In 1997, Vargas-Estrada was convicted of conspiracy to import cocaine into the United States, conspiracy to possess with intent to distribute cocaine, and three counts of importation of cocaine. Vargas-Estrada argues that the district court erred in denying his application for habeas corpus relief on the ground that his trial counsel was ineffective for failing to inform him that the ultimate decision on whether to testify was his alone. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Vargas-Estrada does not contend that he was not informed of his right to testify. Rather, he claims “that he was never advised in a language that he could understand that only he could make the ultimate decision about testifying at trial, and that he would have testified had he known that he could overrule his counsel’s advice.”
The government now argues that counsel’s assistance was not deficient because the reasonableness of counsel’s performance cannot be evaluated with “the distorting effects of hindsight,” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and at the time of trial, in 1996, the relevant legal principle had not been settled. See Brown v. Artuz, 124 F.3d 73 (2d Cir.1997). The district court did not address this question, and therefore, we will not decide it in the first instance.
With respect to the first prong of the Strickland analysis, see Strickland, 466 U.S. at 687-91, 104 S.Ct. 2052, the district court recognized its duty to hold an evi-dentiary hearing to develop the record with respect to whether Vargas-Estrada was informed that the right to testify in his own defense belonged solely to him, see Chang v. United States, 250 F.3d 79, 85 (2d Cir.2001), but concluded that further fact-finding was unnecessary because the evidence against Vargas-Estrada at trial was so “overwhelming” that Vargas-Estrada’s claim could not meet the second prong of the Strickland test, see Strickland, 466 U.S. at 691-96, 104 S.Ct. 2052.
The government argues that Vargas-Estrada cannot demonstrate prejudice because he fails to specify the subject matter of his proposed testimony, other than refuting the statements of cooperating witnesses. We agree that a defendant cannot show prejudice merely by asserting that he would have given “pious denials” of overwhelming evidence, Rega v. United States, 268 F.3d 18, 24 (2d Cir.2001), but in closer cases, “[a] defendant’s testimony as to non-involvement should not be disregarded lightly, especially given his constitutional right to explain his version of the facts,” Owens v. United States, 483 F.3d 48, 59 (1st Cir.2007).
Vargas-Estrada argues that, the government presented no recordings of conversations demonstrating his participation in the drug cartel (despite extensive wiretaps and surveillance in Guatemala), the government proffered no inculpatory documentary evidence referring to him by his real name, and the only direct evidence of his knowledge of the conspiracy came from cooperating witnesses with powerful motives to lie. Vargas-Estrada argues that if he had “testified at trial, the jury would have heard from the mouth of the man who had sat silent throughout the trial that the stories offered by the cooperating witnesses were fabrications.”
The district court also reasoned that “cross-examination would have subjected the petitioner to questions concerning his prior criminal activities,” specifically, allegations that he had smuggled illegal goods in the late 1970’s. But Vargas-Estrada argues that he had no prior convictions, *313 and the jury had already heard about the allegations that Judge Platt was referring to from the cooperating witnesses.
The government argues that the evidence against Vargas-Estrada included the seizures of approximately 1,800 kilograms of cocaine and a machine used to process cocaine for trafficking from a farm owned by Vargas-Estrada. However, Vargas-Estrada argues that this evidence was found several months after he had been arrested and incarcerated and his property had been leased to another indi-, vidual, and a search of his property prior to his arrest did not yield any evidence of narcotics trafficking.
Based on the record on appeal, we cannot determine whether there is a reasonable possibility that, but for counsel’s deficient performance, Vargas-Estrada would have testified, and that had he testified, the outcome of trial would have differed. See Strickland, 466 U.S. at 692, 104 S.Ct. 2052. We therefore remand to allow the district court to hold an evidentiary hearing or otherwise develop a reviewable record on (1) Vargas-Estrada’s claim that his counsel failed to ensure that Vargas-Estrada understood that the ultimate choice on whether to testify belonged to Vargas-Estrada, (2) the matters to which Vargas-Estrada would have testified at trial, and (3) whether such testimony would create a reasonable probability that the outcome of the trial would have been different.
We reject Vargas-Estrada’s argument that the district court erred in failing to state its reasons for denying his substantive due process claim under Hicks v. Oklahoma, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Because Vargas-Estrada argues that the Hicks violation “resulted] from the sentencing court’s lack of knowledge concerning the discretionary nature of the federal sentencing guidelines,” his claim is under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which does not apply retroactively to cases on collateral review, Guzman v. United States, 404 F.3d 139 (2d Cir.2005). Thus, remand on this issue is unnecessary.
Accordingly, the judgment of the district court is hereby VACATED and REMANDED for further proceedings consistent with this order. Pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.1994), this panel will retain jurisdiction to decide any renewed appeal following the disposition of the remand.