PIERCE, Justice,
concurring in part and dissenting in part:
¶ 52. I fully concur with Justice Lamar’s majority opinion as to Part I and respectfully dissent as to Part II. I agree with the majority in rejecting Gillett’s argument that the introduction of evidence in support of the invalid aggravating factor mandates reversal. However, I disagree with the majority in its failure to follow: (1) the United States Supreme Court’s holding in Clemons v. Mississippi, 494 U.S. 739, 754, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), which allows appellate courts to cure the error of an invalid aggravator by reweighing or conducting a harmless-error analysis, if state law authorizes the appellate court to do so; (2) our Legislature’s subsequent amendments of Mississippi Code Section 99-19-105 to include subsections 3(d) and 5(b); and (3) the precedent of this Court in which it has acknowledged and performed its duty to consider Section 99-19-105 as part of its responsibility to review death sentences.
*275 ¶ 53. Following the United States Supreme Court’s decision in Clemons, 494 U.S. at 754, 110 S.Ct. 1441, in which the Supreme Court held that the U.S. Constitution does not prohibit appellate courts from curing the error of an invalid aggra-vator by reweighing or conducting a harmless-error analysis, if state law authorizes the appellate court to do so, this Court (in a six-to-two decision on remand) held as follows:
Because we have no authority as a matter of state law to engage in a reweighing analysis, and because under the facts of this case we eschew harmless error analysis, we hold that it is for a jury, rather than this Court, to decide under the facts of this case and with proper and properly defined aggravating circumstances, weighed against mitigating circumstances, whether Clemons shall be sentenced to death or life imprisonment.
Clemons v. State, 593 So.2d 1004, 1007 (Miss.1992) (Clemons II) (superseded by statute). In direct response to that holding, the Legislature, in an August 1994 special session, made substantial changes in Mississippi Code Section 99-19-105 granting this Court statutory authority to reweigh and/or conduct harmless-error analysis with regard to death sentences. (Emphasis added). This Court complied with that authority in Howard v. State, 945 So.2d 326, 363 (Miss.2006), in which we held: “There was sufficient evidence to support each of the remaining aggravating circumstances and there was no mitigating evidence[;][a]ccordingly, Howard is not entitled to a new sentencing hearing.” See also McGilberry v. State, 843 So.2d 21, 29 (Miss.2003) (holding that the “death sentence was warranted even absent a finding of the ‘great risk of death’ circumstance”); and Davis v. State, 897 So.2d 960, 969 (Miss.2004) (authored by Chief Justice Waller and joined by Presiding Justices Dickinson and Randolph, who are still members of this Court, holding: “Even if the aggravating factor at issue were thrown out, after reweighing the remaining factors, the Court would affirm Davis’s death penalty.”)
¶54. Here, the issue before us was decided on direct appeal, where a majority of this Court concluded that the three aggravating factors, apart from the invalid aggravator, presented to Gillett’s sentencing jury, were not outweighed by Gillett’s mitigating evidence and that the introduction of the invalid aggravator constituted harmless error. Today, however, on post-conviction relief, a majority of this Court rejects that conclusion in similar attitude to this Court’s holding in Clemons II, and moves us precariously towards judicial legislation in the process. This troubles me. And I am beginning to share the same concerns that Presiding Justice Dan M. Lee conveyed in his dissent to Hill v. State, 659 So.2d 547 (Miss.1994).
For all practical purposes, today’s majority opinion declares Miss.Code Ann. § 99-19-105 (Supp.1994) as amended, unconstitutional. The majority opinion reaches this result by relying on two logically flawed premises. First, that a defendant convicted of capital murder in Mississippi has a “fundamental right” under the Constitution of Mississippi to be sentenced to death by a jury. Second, that if this Court were to apply harmless error analysis in the case sub judice, we, instead of the jury, would be sentencing the defendant to death. Both of these premises are devoid of merit.
Today’s majority opinion has another hidden effect on future death penalty legislation in this State. Primarily, I envision that today’s majority opinion will be used at some later time to prevent the legislature from amending the *276 death penalty laws of this State. Specifically, if the majority’s erroneous contention that the Mississippi Constitution demands that convicted capital murderers be sentenced to death by a jury, then the Legislature will be foreclosed from amending the manner in which the death sentence is imposed, ie., the Mississippi Legislature will not be free to amend death penalty laws to allow the trial judge to sentence the convicted capital murderer to death. Whether the majority opinion intentionally sets out to achieve this result, I cannot say.
Id. at 558 (Dan Lee, P.J., dissenting).
¶ 55. I reiterate the United States Supreme Court’s decision in Clemons. In responding to Clemons’s claim that “it is constitutionally impermissible for an appellate court to uphold a death sentence imposed by a jury that has relied in part on an invalid aggravating circumstance]],]” the Supreme Court answered:
Nothing in the Sixth Amendment as construed by our prior decisions indicates that a defendant’s right to a jury trial would be infringed where an appellate court invalidates one of two or more aggravating circumstances found by the jury, but affirms the death sentence after itself finding that the one or more valid remaining aggravating factors outweigh the mitigating evidence. Any argument that the Constitution requires that a jury impose the sentence of death or make the findings prerequisite to imposition of such a sentence has been soundly rejected by prior decisions of this Court.
Clemons, 494 U.S. at 745, 110 S.Ct. 1441.
¶ 56. Rejecting Clemons’s next argument that, because only a jury has the authority to impose a death sentence under Mississippi law, he therefore has a due-process interest in having a jury make all determinations relevant to his sentence, the Supreme Court first acknowledged that this Court properly had asserted its authority under Mississippi law to decide for itself whether Clemons’s death sentence was to be affirmed, even though one of the two aggravating circumstances improperly was presented to the jury. Id. at 747, 110 S.Ct. 1441. The Supreme Court said:
The court did not consider itself bound in such circumstances to vacate the death sentence and to remand for a new sentencing proceeding.... We have no basis for disputing this interpretation of state law, which was considered by the court below to be distinct from its asserted authority to affirm the sentence on the ground of harmless error, and which plainly means that we must reject Clemons’[s] assertion that he had an unqualified liberty interest under the Due Process Clause to have the jury assess the consequence of the invalidation of one of the aggravating circumstances on which it had been instructed. In this respect, the case is analogous to Cabana v. Bullock, supra, where we specifically rejected a due process challenge based on Hicks [v. Oklahoma, 447 U.S. 848, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) ] because state law created no entitlement to have a jury make findings that an appellate court also could make.

Id.

¶ 57. To Clemons’s assertion that appellate courts are unable to fully consider and give effect to the mitigating evidence presented by defendants at the sentencing phase in a capital case and that it therefore violates the Eighth Amendment for an appellate court to undertake to reweigh aggravating and mitigating circumstances in an attempt to salvage the death sentence imposed by a jury, the Supreme Court explained:
The primary concern in the Eighth Amendment context has been that the *277 sentencing decision be based on the facts and circumstances of the defendant, his background, and his crime. See, e.g., Spaziano v. Florida, supra, 468 U.S. [447] at 460, 104 S.Ct. [3154] at 3162 [82 L.Ed.2d 340 (1984) ] ; Zant v. Stephens, 462 U.S. [862] at 879, 103 S.Ct. [2733] at 2744 [77 L.Ed.2d 235 (1983) ]; Eddings v. Oklahoma, 455 U.S. 104, 110-112, 102 S.Ct. 869, 874-875, 71 L.Ed.2d 1 (1982); Lockett v. Ohio, 438 U.S. 586, 601-605, 98 S.Ct. 2954, 2963-2965, 57 L.Ed.2d 973 (1978) (plurality opinion); Gregg v. Georgia, 428 U.S. 153, 197, 96 S.Ct. 2909, 2936, 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.). In scrutinizing death penalty procedures under the Eighth Amendment, the Court has emphasized the “twin objectives” of “measured consistent application and fairness to the accused.” Eddings, supra, 455 U.S. at 110-111, 102 S.Ct. at 874-875. See also Lockett, supra, 438 U.S. at 604, 98 S.Ct. at 2964 (emphasizing the importance of reliability). Nothing inherent in the process of appellate reweighing is inconsistent with the pursuit of the foregoing objectives.
We see no reason to believe that careful appellate weighing of aggravating against mitigating circumstances in cases such as this would not produce “measured consistent application” of the death penalty or in any way be unfair to the defendant. It is a routine task of appellate courts to decide whether the evidence supports a jury verdict and in capital cases in “weighing” States, to consider whether the evidence is such that the sentencer could have arrived at the death sentence that was imposed. And, as the opinion below indicates, a similar process of weighing aggravating and mitigating evidence is involved in an appellate court’s proportionality review. Furthermore, this Court has repeatedly emphasized that meaningful appellate review of death sentences promotes reliability and consistency. See, e.g., Gregg v. Georgia, supra, 428 U.S. at 204-206, 96 S.Ct. at 2939-2941 (joint opinion of Stewart, Powell, and Stevens, JJ.); Proffitt v. Florida, 428 U.S. 242, 253, 96 S.Ct. 2960, 2967, 49 L.Ed.2d 913 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.); Dobbert v. Florida, 432 U.S. 282, 295-296, 97 S.Ct. 2290, 22992300, 53 L.Ed.2d 344 (1977); Jurek v. Texas, 428 U.S. 262, 276, 96 S.Ct. 2950, 2958, 49 L.Ed.2d 929 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.).
Id. at 748-49, 110 S.Ct. 1441 (emphasis added). The Supreme Court further explained:
This is surely the import of Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), which held that a state appellate court could make the finding that Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), required for the imposition of the death penalty, i.e. whether the defendant had killed, attempted to kill, or intended to kill. Wainwright v. Goode, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983) (per curiam), is likewise instructive. There, a Florida trial judge relied on an allegedly impermissible aggravating circumstance (“future dangerousness”) in imposing a death sentence on Goode. The Florida Supreme Court conducted an independent review of the record, reweighed the mitigating and aggravating factors, and concluded that the death penalty was warranted. In a federal habeas proceeding, Goode then successfully challenged the trial court’s reliance on the allegedly impermissible factor. We reversed the grant of the writ and concluded that even if the trial judge relied on a factor not available for his consideration under Florida law, the sentence could stand. ‘Whatever may have been true of the *278 sentencing judge, there is no claim that in conducting its independent reweighing of the aggravating and mitigating circumstances the Florida Supreme Court considered Goode’s future dangerousness. Consequently there is no sound basis for concluding that the procedures followed by the State produced an arbitrary or freakish sentence forbidden by the Eighth Amendment.” Id. at 86-87,104 S.Ct. at 383.

Id.

¶ 58. Having to consider evidence presented to a jury is one of the preeminent responsibilities of an appellate court. A majority of this Court undertook that obligation on direct appeal in this matter and found that the three remaining aggravating factors presented to Gillett’s sentencing jury were not outweighed by the mitigating evidence presented. And we found that introduction of the invalid aggravator was harmless error — beyond a reasonable doubt. Accordingly, I would deny Gillett’s petition for post-conviction relief.
RANDOLPH, P.J., AND CHANDLER, J., JOIN THIS OPINION. WALLER, C.J., JOINS THIS OPINION IN PART.