**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ALLEN JONES, | No. 12-17825 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00196-MCE-TJB |
| v. | |
| ERIC ARNOLD, Acting Warden and PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted September 10, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Steven Allen Jones appeals the district court's denial of his federal habeas

petition. The district court granted a certificate of appealability on Jones's claim

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that his due process rights were violated when he was convicted on the basis of uncorroborated accomplice testimony.

The district court did not err in denying Jones's due process claim. Jones argues that his due process rights were violated because he was arbitrarily deprived of his state law rights under section 1111 of the California Penal Code, which provides that a defendant cannot be convicted based on accomplice testimony unless the testimony is sufficiently corroborated. This argument fails, because the California Court of Appeal found that the accomplice testimony was sufficiently corroborated under state law, and this court may not consider any question of state substantive law. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). Jones does not argue that there is a federal right to corroboration; rather, his constitutional claim depends entirely on the assertion that there was not sufficient evidence to satisfy the California statute. Because the state court considered Jones's section 1111 claim and found sufficient corroboration of the accomplice testimony, Jones was not arbitrarily deprived of a state law entitlement in violation of his Fourteenth Amendment due process rights. *See Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000).

Jones also asks us to expand the certificate of appealability to include four additional claims. Because Jones has not "made a substantial showing of the denial

of a constitutional right" on any of these claims, we deny Jones's motion to expand his certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**AFFIRMED.**

*Jones v. Arnold*, No. 12-17825

IKUTA, Circuit Judge, concurring in the result.

I concur in the result reached by the majority, but write separately because the majority fails to comply with AEDPA in resolving Jones's due process claim.

In his direct appeal before the California Court of Appeal, Jones raised two claims: first, that he had been convicted on the basis of uncorroborated accomplice testimony in violation of section 1111 of the California Penal Code; and second, that this error of state law arbitrarily deprived him of a state created liberty interest in violation of his Fourteenth Amendment right to due process. The California Court of Appeal held that there was no error of state law because there was sufficient evidence at trial to corroborate the testimony of the accomplice. It did not address Jones's due process argument. On federal habeas review, Jones argues only that the state court erred in rejecting his due process claim.

Under AEDPA, we must determine whether the California Court of Appeal's rejection of Jones's federal due process claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Although the state court did not address this federal claim, we presume that the state court adjudicated it on the merits. *Johnson v. Williams*, 133 S. Ct. 1088, 1096

(2013).  The parties do not dispute this conclusion.

When a habeas petitioner bases his federal due process claim on an error of state law at trial, AEDPA requires us to defer to the state court's rejection of that claim if the state court could reasonably conclude that the defendant received a fundamentally fair trial.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011); *see also Rivera v. Illinois*, 556 U.S. 148, 162 (2009).  Under clearly established Supreme Court precedent, that is all that due process requires in this context.  *Rivera*, 556 U.S. at 162.  Here, the state court could reasonably determine Jones received a fundamentally fair trial, and therefore its rejection of Jones's due process claim is not contrary to or an unreasonable application of *Hicks v. Oklahoma*, 447 U.S. 343 (1980), or any other Supreme Court opinion cited by Jones.  Therefore, I would affirm the district court.

Instead of applying AEDPA, the majority reaches the merits of Jones's Fourteenth Amendment due process claim.  Maj. Disp. at 2.  It first holds that there was no breach of section 1111 of the California Penal Code at trial (because the state court expressly held as much) and then concludes de novo that Jones was therefore not deprived of his constitutional due process rights.  Maj. Disp. at 2.  This is incorrect: instead of reaching the merits, the majority should have deferred to the state court's presumed rejection of Jones's due process claim under AEDPA.

2

*See Johnson*, 133 S. Ct. at 1096; *see also* 28 U.S.C. § 2254(d). *Laboa v. Calderon*, on which the majority relies, is not to the contrary. 224 F.3d 972 (9th Cir. 2000). There we merely held that because accomplice testimony adduced at trial was sufficiently corroborated, the erroneous admission of hearsay testimony did not have a "substantial and injurious" effect on the jury's verdict. *Id.* at 979.

For that reason, I concur only in the result.