# HICKS *v.* OKLAHOMA

No. 78–6885.   Argued March 26, 1980—Decided June 16, 1980

STEWART, J., delivered the opinion of the Court, in which BURGER, C. J., and BRENNAN, WHITE, MARSHALL, BLACKMUN, POWELL, and STEVENS, JJ., joined.   REHNQUIST, J., filed a dissenting opinion, *post,* p. 347.

*David M. Ebel,* by appointment of the Court, 444 U. S. 988, argued the cause for petitioner.   With him on the briefs was *Richard A. Sonntag.*

*Janet L. Cox,* Assistant Attorney General of Oklahoma,

argued the cause *pro hac vice* for respondent.   With her on the brief was *Jan Eric Cartwright,* Attorney General.

MR. JUSTICE STEWART delivered the opinion of the Court.

The petitioner was brought to trial in an Oklahoma court on a charge of unlawfully distributing heroin.   Since he had been convicted of felony offenses twice within the preceding 10 years, the members of the jury were instructed, in accordance with the habitual offender statute then in effect in Oklahoma,[1]

---

[1] See 1976 Okla. Sess. Laws, ch. 94, § 1, codified at Okla. Stat., Tit. 21, § 51 (B) (Supp. 1977).   The text of § 51 provided:

"(A) Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the penitentiary for a term not less than ten (10) years.

"2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five (5) years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten (10) years.

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five (5) years.

"(B) Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of twenty (20) years plus the longest imprisonment for which the said third or subsequent conviction was punishable, had it been a first offense; provided, that felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time or location; provided, further, that nothing in this section shall abrogate or affect

that, if they found the petitioner guilty, they "shall assess [the] punishment at forty (40) years imprisonment." The jury returned a verdict of guilt and imposed the mandatory 40-year prison term.

Subsequent to the petitioner's conviction, the provision of the habitual offender statute under which the mandatory 40-year prison term had been imposed was in another case declared unconstitutional by the Oklahoma Court of Criminal Appeals. *Thigpen* v. *State,* 571 P. 2d 467, 471 (1977). On his appeal, the petitioner sought to have his 40-year sentence set aside in view of the unconstitutionality of this statutory provision. The Court of Criminal Appeals acknowledged that the provision was unconstitutional, but nonetheless affirmed the petitioner's conviction and sentence, reasoning that the petitioner was not prejudiced by the impact of the invalid statute, since his sentence was within the range of punishment that could have been imposed in any event.[2] We granted certiorari to consider the petitioner's contention that the State deprived him of due process of law guaranteed to him by the Fourteenth Amendment. 444 U. S. 963.

By statute in Oklahoma, a convicted defendant is entitled to have his punishment fixed by the jury. Okla. Stat., Tit. 22,

---

the punishment by death in all crimes now or hereafter made punishable by death."

The Oklahoma Legislature has since amended § 51 (B). See 1978 Okla. Sess. Laws, ch. 281, § 1, Okla. Stat., Tit. 21, § 51 (B) (Supp. 1979).

[2] "Defendant asserts in his fourth assignment of error that [Okla. Stat., Tit. 21,] § 51 (B), under which he was sentenced, is unconstitutional. We agree. This question was laid to rest by this Court in *Thigpen* v. *State,* Okla. Cr., 571 P. 2d 467 (1977). We must find however, that the defendant was not prejudiced by the use of this statute in that the sentence imposed is within the range of punishment authorized by the provisions of [Okla. Stat., Tit. 21,] § 51 (A)." *Hicks* v. *State,* No. F–77–751 (Mar. 8, 1979).

The decision of the Oklahoma Court of Criminal Appeals is unreported. A petition for rehearing was denied April 6, 1979.

§ 926 (1971).[3]   Had the members of the jury been correctly instructed in this case, they could have imposed any sentence of "not less than ten . . . years."   Okla. Stat., Tit. 21, § 51 (A)(1) (1971).   The possibility that the jury would have returned a sentence of less than 40 years is thus substantial. It is, therefore, wholly incorrect to say that the petitioner could not have been prejudiced by the instruction requiring the jury to impose a 40-year prison sentence.

It is argued that all that is involved in this case is the denial of a procedural right of exclusively state concern. Where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, cf. *Greenholtz* v. *Nebraska Penal Inmates,* 442 U. S. 1, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.   See *Vitek* v. *Jones,* 445 U. S. 480, 488–489, citing *Wolff* v. *McDonnell,* 418 U. S. 539; *Greenholtz* v. *Nebraska Penal Inmates, supra; Morrissey* v. *Brewer,* 408 U. S. 471.   In this case Oklahoma denied the petitioner the jury sentence to which he was entitled under state law, simply on the frail conjecture that a jury *might* have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision.   Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.[4]

The State argues, however, that, in view of the revisory authority of the Oklahoma Court of Criminal Appeals, the petitioner had no absolute right to a sentence imposed by a

---

[3] Only if the jury fails to do so may the trial court impose sentence. Okla. Stat., Tit. 22, § 927 (1971).

[4] Because of our disposition of the case, we do not reach the petitioner's several other contentions.

jury. See Okla. Stat., Tit. 22, § 1066 (1971) ("The Appellate Court may reverse, affirm or modify the judgment appealed from. . ."). The argument is unpersuasive. The State concedes that the petitioner had a statutory right to have a jury fix his punishment in the first instance, and this is the right that was denied. Moreover, it is a right that substantially affects the punishment imposed. No case has been cited to us in which the Court of Criminal Appeals has increased a sentence on appeal, and the State's Assistant Attorney General indicated at oral argument that it was doubtful whether the appellate court had power to do so. In consequence, it appears that the right to have a jury fix the sentence in the first instance is determinative, at least as a practical matter, of the maximum sentence that a defendant will receive. Nor did the appellate court purport to cure the deprivation by itself reconsidering the appropriateness of the petitioner's 40-year sentence.[5] Rather, it simply affirmed the sentence imposed by the jury under the invalid mandatory statute. In doing so, the State deprived the petitioner of his liberty without due process of law.

Accordingly, the judgment is vacated, and the case is remanded to the Oklahoma Court of Criminal Appeals for further proceedings not inconsistent with this opinion.

*So ordered.*

Mr. Justice Rehnquist, dissenting.

The Court concludes that the Oklahoma Court of Criminal Appeals denied petitioner due process of law by refusing to vacate the sentence imposed at his trial for unlawful dis-

---

[5] Because the appellate court did not purport to resentence the petitioner, we have no occasion to consider his contention that due process of law requires that the State provide him with notice and a hearing, including the opportunity to present mitigating evidence, before appellate sentencing. See *McGautha* v. *California*, 402 U. S. 183, 218–220; *Specht* v. *Patterson*, 386 U. S. 605, 606. See also *Mempa* v. *Rhay*, 389 U. S. 128.

tribution of heroin. That conclusion, in turn, depends on the Court's assertion that petitioner was impermissibly denied his state-created right to be sentenced by a jury. Because I believe that the Court either mischaracterizes the right conferred by state law or erroneously assumes a deprivation of that right, I dissent.

The Court is undoubtedly correct that Oklahoma law does confer a right to have a sentence imposed by a jury. Okla. Stat., Tit. 22, § 926 (1971). But it is equally true that petitioner was sentenced by a jury. The question is whether that sentence was validly imposed, either as a matter of state or federal law. For if the petitioner was constitutionally sentenced by his jury in the first instance, he has been afforded the process the State guaranteed him. The Oklahoma court found that petitioner was not properly sentenced. If this conclusion rested on an interpretation of state law, or a *correct* interpretation of federal law, then I would have less difficulty agreeing with the Court that petitioner was entitled to a new jury sentencing under principles of due process. But the Court fails to inquire into the basis of the Oklahoma court's conclusion that petitioner was improperly sentenced in the first instance. That question is central to the resolution of the due process issue presented by the case. The Court simply assumes that the Oklahoma court found that petitioner had not been sentenced in conformity with *state* law. This is an assumption, however, that cannot be divined from the available state cases. Those cases in fact strongly indicate that the decision of the state court here rested on an *erroneous* interpretation of *federal* law, not state law. If so, the Oklahoma court decision refusing to afford petitioner an opportunity to be resentenced by a jury would be correct, albeit for the wrong reason.

The issue in this case, then, is whether petitioner's original sentence denied him equal protection. The Oklahoma sentencing statute in effect at the time of petitioner's trial was designed to provide for increased sentences to multiple offend-

ers of the criminal laws.* Under Okla. Stat., Tit. 21, § 51 (A) (Supp. 1977) a defendant who is found guilty of an offense punishable by a term of imprisonment in excess of 5 years, after having been convicted of *one* offense punishable by imprisonment, is subject to sentence, fixed by the jury, ranging from 10 years to apparent infinity. (Oklahoma juries have apparently exercised this discretion with great relish, imposing sentences as long as 1,500 years in prison for second-time offenders. See *Callins* v. *State,* 500 P. 2d 1333 (Crim. App. 1972).) Defendants convicted of more than one

---

*The text of Okla. Stat., Tit. 21, § 51 (Supp. 1977), provides:

"(A) Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the penitentiary for a term not less than ten (10) years.

"2. If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five (5) years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten (10) years.

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five (5) years.

"(B) Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment in the State Penitentiary for a term of twenty (20) years plus the longest imprisonment for which the said third or subsequent conviction was punishable, had it been a first offense; provided, that felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time or location; provided, further, that nothing in this section shall abrogate or affect the punishment by death in all crimes now or hereafter made punishable by death."

prior offense were subject to sentencing under § 51 (B). Section 51 (B) did not invest the jury with discretion to determine the length of the term of imprisonment. Instead the section provided a formula for determining the length of the mandatory sentence to be imposed by a jury pursuant to instruction. This statutory scheme permitted the jury to impose sentences on defendants with only one prior conviction far in excess of those which were specified for defendants with two or more prior convictions. In *Thigpen* v. *State,* 571 P. 2d 467 (Okla. Crim. App. 1977), decided after petitioner's mandatory sentence was imposed by the jury, a defendant with only one prior conviction challenged the constitutionality of the statute. The court concluded that this potential for disparate sentences rendered § 51 (B) "unconstitutional," and struck that section.

The *Thigpen* opinion does not indicate whether this conclusion is based on an interpretation of the State or Federal Constitution. The opinion does indicate, however, that in determining the constitutionality of the Act, the court had relied on an advisory opinion submitted by an Oklahoma state district judge. 571 P. 2d, at 471, n. 3. That advisory opinion is attached as an appendix to the court opinion. The position advocated in the advisory opinion is that the Oklahoma sentencing statute violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because of the potential for longer terms of imprisonment to those convicted of only one prior offense. The author of the advisory opinion relies exclusively on federal law in reaching this determination.

In this case, the Oklahoma court thought the federal equal protection holding in *Thigpen* applied to petitioner's sentencing as well. I cannot agree. Petitioner was a third-time offender who was given the benefit of the more lenient mandatory sentencing provisions before the decision in *Thigpen.* Thus he was not within the class of one-time offenders subject to more burdensome treatment under the statute. Since

petitioner was a member of the favored class, I cannot agree that petitioner's sentencing denied *him* equal protection or any other rights guaranteed under the Federal Constitution, I am unable to agree that due process required the State to afford him any additional opportunity to be sentenced by another jury, and would therefore affirm the judgment of the Court of Criminal Appeals of Oklahoma.