Lyle Gene ANDERSON, Petitioner– Appellant,

v.

Linda J. CLARKE, Warden, Respondent–Appellee.

No. 01–55747.

D.C. No. CV–99–05644–WDK.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the request for oral argument is denied.

Submitted April 7, 2003.*

Decided April 18, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

## MEMORANDUM**

Lyle Gene Anderson appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Anderson contends that his sentence of 25 years to life under California's "three-strikes" law for possession of methamphetamine for sale, in violation of California Health and Safety Code § 11378, constitutes cruel and unusual punishment in violation of the Eighth Amendment. We cannot say, however, that the California Court of Appeal's decision, which concluded that Anderson's sentence was not grossly disproportionate under *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), was objectively unreasonable. *See Lockyer v. Andrade,* —— U.S. ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years to life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law); *see*

*also Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (noting the broad discretion of state legislatures to set punishments for crimes and holding that three-strikes sentence of 25 years to life for felony grand theft was not grossly disproportionate). The district court therefore properly denied Anderson's petition. *See Andrade,* 123 S.Ct. at 1174.[1]

**AFFIRMED.**[2]

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to consider Anderson's contention based on *Hicks v. Oklahoma,* 447 U.S.

343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), because it was not raised below. *See Windham v. Merkle,* 163 F.3d 1092, 1103 (9th Cir. 1998).

2. All pending motions are denied.

