**Edwaun Victor MOORE, Petitioner–Appellant,**

v.

**James ROWLAND, Director, California Department of Corrections, Respondent–Appellee.**

No. 03–15587.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Filed May 19, 2004.

Mark D. Greenberg, Attorney, Oakland, CA, for the petitioner-appellant.

Bill Lockyer, Attorney General of the State of California, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Morris Beatus, Deputy Attorney General, and Eric D. Share, Supervising Deputy Attorney General, for the respondent-appellee.

Before: WALLACE, KOZINSKI and THOMAS, Circuit Judges.

PER CURIAM:

1. Petitioner argues that, contrary to *People v. Landry,* 212 Cal.App.3d 1428, 261 Cal.Rptr. 254 (1989), California's sec-

ond-degree felony murder rule is a judicially-rather than statutorily-created offense, and therefore violates separation of powers under California law. Thus, because his conviction for second-degree murder may have been based on an unconstitutional felony-murder theory, it violated his Fourteenth Amendment right to due process under *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

 Even if petitioner were correct that *Landry* misstates California law, violation of state separation of powers does not fall within the compass of *Hicks,* which concerned the erroneous deprivation of a jury's discretion to impose appropriate criminal punishment. *Id.* at 345–46, 100 S.Ct. 2227. Further, petitioner's argument is foreclosed by our holding in *Murtishaw v. Woodford,* 255 F.3d 926 (9th Cir.2001), that a state's violation of its separation-of-powers principles does not give rise to a federal due process violation. *Id.* at 959–61.

 [1] 2. Petitioner next argues that retroactive application of *People v. Hansen,* 9 Cal.4th 300, 36 Cal.Rptr.2d 609, 885 P.2d 1022 (1994), to his case violated due process in light of *United States v. Lanier,* 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997), and *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The criminal conduct underlying petitioner's conviction occurred in 1993. At the time, California appellate courts were divided as to the appropriate test for determining whether a felony was a predicate offense for second-degree felony murder or instead merged into the resulting homicide. *Compare People v. Taylor,* 11 Cal.App.3d 57, 62–64, 89 Cal.Rptr. 697 (1970), *with People v. Wesley,* 10 Cal. App.3d 902, 906–07, 89 Cal.Rptr. 377 (1970). The *Hansen* court overruled *Wesley* and adopted the underlying principles and rationale delineated in *Taylor. Han-*

*sen,* 9 Cal.4th at 315, 36 Cal.Rptr.2d 609, 885 P.2d 1022. Thus, *Hansen* selected among two existing lines of authority; it did not change the law in a manner "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Bouie,* 378 U.S. at 354, 84 S.Ct. 1697 (internal quotation marks omitted); *cf. Webster* v. *Woodford,* 361 F.3d 522, 530–32 (9th Cir.2004) (state supreme court decision was not unforeseeable or unexpected in light of prior decisions by the courts of appeal).

**AFFIRMED.**