Gregory WILLIAMS, Petitioner—Appellant,

v.

Gail LEWIS, Warden; et al., Respondents—Appellees.

No. 03–56120.
D.C. No. CV–02–00589–SVW.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

180

Submitted March 9, 2005.*

Decided April 5, 2005.

Gregory Williams, Coalinga, CA, pro se.

William S. Harris, Esq., Stewart & Harris, South Pasadena, CA, Jeffrey J. Koch, Esq., Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before HALL, PAEZ, Circuit Judges, and BEISTLINE, District Judge.**

MEMORANDUM ***

Petitioner Gregory Williams seeks habeas relief based upon his allegation that the state court of appeal arbitrarily interpreted a state statute, thereby denying him a state-created right to have a jury determine whether he suffered a prior conviction for purposes of his sentencing under California's three strikes law. Because the state court did not arbitrarily deny Williams' state-created right, we affirm the district court's denial of his petition.

The state court did not deprive Williams of his federal due process rights. At the time of his conviction and direct appeal, the California Supreme Court had not yet interpreted California Penal Code section 1025. Even after the California Supreme Court addressed the issue, the scope of the right remained unclear. *People v. Epps,* 25 Cal.4th 19, 104 Cal.Rptr.2d 572, 18 P.3d 2, 6 (Cal.2001) (noting that the right to a jury determination of whether a prior conviction occurred exists only "in an appropriate case," and that "depending on the circumstances, the question might well be for the court" rather than the jury).

Therefore, petitioner did not have a "substantial and legitimate expectation" that he would receive a jury trial such that his federal due process rights would be implicated. *Hicks v. Oklahoma,* 447 U.S. 343, 346–47, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) (granting habeas relief because the state court violated petitioner's "substantial and legitimate expectation" to a jury sentence and made a "wholly incorrect" finding that the error was harmless). Because the California Court of Appeal's interpretation of section 1025 was not arbitrary, its decision that Williams was not entitled to a jury determination of whether he suffered a prior conviction was not "contrary to" or "an unreasonable application of" *Hicks.* 28 U.S.C. § 2254(d)(1).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.