MEMORANDUM *
Kerry L. Parker, Jr. petitions for a writ of habeas corpus, contending that the state trial court violated his Sixth and Fourteenth Amendment rights. We deny Parker’s petition because he fails to establish that the trial court’s dismissal of a juror was a clearly established constitutional vio *82 lation under Supreme Court law. See 28 U.S.C. § 2254(d)(1).
1. The right to a unanimous jury is not among the Sixth Amendment rights extended to state criminal defendants by the Fourteenth Amendment. Apodaca v. Oregon, 406 U.S. 404, 406, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). Because Parker does not possess the right to a unanimous jury under the “Constitution or laws ... of the United States,” that right cannot form the basis for his Sixth Amendment claim. See 28 U.S.C. § 2241(c)(3).
2. The Due Process Clause of the Fourteenth Amendment does, however, protect against the “arbitrary deprivation” of a liberty interest to which a defendant is “entitled under state law.” See Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). The relevant state law in Parker’s case, California law, generally “entitle[s]” criminal defendants to a unanimous jury verdict, but allows a trial judge to make inquiries concerning jurors’ performance of their duties and to remove a juror for “good cause,” as long as the juror’s inability or unwillingness to perform her duties “appear[s] in the record as a demonstrable reality.” See People v. Cleveland, 25 Cal.4th 466, 474, 106 Cal.Rptr.2d 313, 21 P.3d 1225 (2001) (internal quotation marks omitted). Applying the principles set forth in Cleveland, the California Court of Appeal held that the trial court did not abuse its discretion when it determined that the relevant juror in this case was unable to perform her duties as a juror. In other words, the California Court of Appeal concluded that Parker had not been deprived of the unanimous jury verdict to which he was “entitled under state law.” This analysis was a reasonable application of the standards set forth in Hicks. We must therefore defer to the resulting conclusion. See 28 U.S.C. § 2254(d)(1).
3. Similarly, the state courts’ application of the “good cause” provision of California Penal Code Section 1089, did not “result[ ] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” § 2254(d)(2). Under AEDPA, “a determination of a factual issue made by a State court shall be presumed to be correct.” 28 U.S.C. § 2254(e)(1). Under this deferential standard, we cannot say that the trial court and state Court of Appeal erred in their determination that the testimony of the majority of jurors established as a “demonstrable reality” her failure to follow the trial judge’s instructions.
4. A state criminal defendant also has a Sixth and Fourteenth Amendment right to be tried by an “impartial jury.” A state trial court denies that right when its decision to remove a holdout juror is “motivated by [the jurorj’s views on the merits of the government’s case.” Perez v. Marshall, 119 F.3d 1422, 1428 (9th Cir.1997).
In this case, while there is some indication that the accusations of misconduct brought against the holdout juror by two of the other jurors were motivated by the former’s position on the merits, there is no evidence that this factor influenced the trial judge’s ultimate decision to remove her. Moreover, we have held that section 1089’s “good cause” provision, which served as the basis for the trial court’s removal of the holdout juror, does not facially violate the Sixth and Fourteenth Amendment right to an impartial juiy. See Miller v. Stagner, 757 F.2d 988, 995 (9th Cir.1985).
5. Before this court, Parker has briefed two other claims that were not granted the required certificate of appealability (“COA”). 28 U.S.C. § 2253.
Parker argues that the trial judge improperly coerced the jury and that the *83 judge erred in refusing to excuse a juror for misconduct.
We deny Parker’s motion to expand the COA with regard to his coercion claim. In Lowenfield v. Phelps, 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988), the Supreme Court indicated that some form of judicial intervention involving “combinations of supplemental charges and polling [of jurors by the court]” might so coerce a jury verdict as to require reversing a criminal conviction on constitutional grounds. Id, at 241, 108 S.Ct. 546. Here, the state court of appeal concluded that the trial judge’s actions did not merit reversal. In reaching this holding, the court applied principles that were consistent with, and therefore not an unreasonable application of, the standards established in Lowenfield, entitling its decision to deference. See 28 U.S.C. § 2254(d)(1).
Parker’s challenge to the trial court’s refusal to dismiss a juror is also not meritorious. The California appellate court’s holdings that the evidence did not establish that sympathy for the victims “[a]ffect[ed] any juror’s judgment,” and that this sympathy did not amount to juror misconduct, are not contrary to or an unreasonable application of any clearly established Supreme Court law. Also, the California appellate court reasonably concluded that substantial evidence supported the trial court’s factual finding. See § 2254(d).
The district court’s judgment is AFFIRMED. Parker’s motion to expand the COA is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.