**Kenneth I. EDMONTON, Petitioner–Appellant,**

v.

**State of CALIFORNIA; et al., Respondents–Appellees.**

**No. 07–16854.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 23, 2009.

Kenneth I. Edmonton, CSH–Coalinga State Hospital, Coalinga, CA, for Petitioner–Appellant.

Carlos Antonio Martinez, AGCA–Office of The California Attorney General, Sacramento, CA, for Respondents–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

California state civil detainee Kenneth I. Edmonton appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition, challenging his civil commitment pursuant to California's Sexually Violent Predators Act ("SVPA"). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand for further proceedings consistent with this disposition.

Edmonton contends that the State of California violated his federal due process rights by failing to submit current psychiatric evaluations when seeking his recommitment in 2004, and by filing a complete petition for recommitment only after expiration of the prior period of commitment. In the district court's order granting a certificate of appealability on this claim, the district court recognized that the magistrate judge's Findings and Recommendations, which it adopted in full, misunderstood Edmonton's allegations to refer strictly to the timeliness of the district attorney's petition for recommitment, rather than to whether the initial petition itself was valid in light of the State's failure to submit updated psychiatric evaluations. After reviewing the record, it appears likely that the State of California failed to follow the commitment procedures set forth in the SVPA, and that this failure

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

may have resulted in a violation of Edmonton's federal due process rights. *See Hicks v. Oklahoma*, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *see also Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1072 (9th Cir.2005). Accordingly, we vacate the judgment and remand to the district court for consideration of the issue as stated in the district court's order granting a certificate of appealability, and for a determination of the appropriate relief to which Edmonton may be entitled.

**VACATED and REMANDED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.