**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARLES M. PIPER, | No. 10-56677 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-05984-AHM-JC |
| v. | |
| DOMINGO URIBE, Jr., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted August 25, 2014[**]
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF,
Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Charles Piper appeals the district court's denial of his petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254.

## I

Piper contends that the state courts' rejection of his federal due process claim—premised on the trial court's allowance of an amendment to add a count that had been dismissed at a preliminary hearing—was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). An independent review of the record reveals a reasonable justification for the state courts' decision. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). The preliminary hearing transcript, reviewed by the trial judge, suggests that the dismissed count *was* "shown by the evidence taken at the preliminary examination," Cal. Penal Code § 1009; *see also People v. Graff*, 87 Cal. Rptr. 3d 827, 838 (Ct. App. 2009). Thus, even if we assume that § 1009 establishes a liberty interest protected by the Fourteenth Amendment, the state courts might reasonably have concluded that Piper was not deprived of such right in an "arbitrary" manner. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

## II

Piper maintains that the state courts' rejection of his ineffective assistance of counsel claim—premised on his counsel's failure on appeal to challenge the

amendment—was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). But because the state courts might reasonably have concluded that the amendment did not violate state law, they might reasonably have decided also that the failure to challenge the amendment on appeal was not constitutionally ineffective. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

**AFFIRMED.**