MEMORANDUM *
Jose Leon appeals from the district court’s judgment denying his 28 U.S.C. § 2254 habeas corpus petition. Reviewing the district court’s denial of the petition de novo, Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir.2011), we affirm.
1. .Leon contends that his Fourteenth Amendment due process rights were violated because the state trial court failed to follow California law in accepting the jury’s verdict and denying his motion for new trial. See Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). To the extent Leon argues that the trial court accepted a less-than-unanimous verdict against him on the gang enhancement, contrary to California law, he is mistaken. The jury returned a verdict, the clerk read it in open court, the jury collectively affirmed it without dissent, and it was recorded. Under California law, the validity of the verdict was not subject to attack at that point unless Leon established that the jury committed prior misconduct in reaching the verdict. See Cal.Penal Code § 1181; People v. Bento, 65 Cal.App.4th 179, 76 Cal.Rptr.2d 412, 418-20 (1998); People v. Peavey, 126 Cal.App.3d 44, 178 Cal.Rptr. 520, 522-23 (1981).
*784 2. Leon contends that he established jury misconduct because the jury failed to deliberate on the gang enhancement. The state trial court found, however, that there was no “reason in law or fact” for it to grant Leon’s motion for new trial on the basis of jury misconduct. That determination was not unreasonable in light of the record before the state court. See 28 U.S.C. § 2254(d)(2). Although Juror No. 12 stated in open court that the jury had not deliberated on the gang enhancement against Leon, his or her statements were unsworn, somewhat equivocal, and inconsistent with more extensive evidence that the jury had deliberated and agreed on the gang enhancement. That evidence included (l)'the jury’s collective affirmation of the verdict, including the gang enhancement, before it was recorded; (2) all eleven remaining jurors’ — including Juror No. 12’s — individual affirmation' of the verdict, including the gang enhancement, in the first round of polling after the verdict was recorded; and (3) the ten other remaining jurors’ continued individual affirmation of the verdict in the second round of polling, notwithstanding Juror No. 12’s statements. The state courts reasonably concluded from this record that the jury had deliberated and reached a unanimous verdict on the gang enhancement. Because Leon failed to establish that the jury had engaged in misconduct, the denial of his motion for a new trial did not violate his right to due process.
3. Leon’s motion to expand the certifí-cate of appealability is denied. See 9th Cir. R. 22-1(e); Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir, R. 36-3.