Filed 6/23/25  P. v. Jones CA2/2

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ALBERT JONES,<br><br>    Defendant and Appellant. | B335701<br><br>(Los Angeles County<br>Super. Ct. No. LA039655) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

Charles Albert Jones (defendant) appeals from the superior court's order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  The court appointed counsel for defendant and received briefing, but denied the petition at the prima facie stage on the ground defendant was ineligible for relief as a matter of law.  We find no error and affirm the order.

## PROCEDURAL BACKGROUND

In 2003, defendant and codefendant Rudolph Jones were charged with one count of attempted murder (§§ 187, 664; count 7) one count of attempted robbery (§§ 211, 664; count 6) and nine counts of robbery, based on multiple incidents occurring over a period of approximately 10 months.[2]  The information alleged defendant alone personally and intentionally discharged and used a firearm within the meaning of section 12022.53, subdivisions (b) and (c).

Pursuant to a plea agreement, defendant pled guilty to attempted murder and admitted an allegation that he personally discharged a firearm.  (§ 12022.53, subd. (c).)  Defendant also pled guilty to one count of robbery (§ 211; count 9), which involved a separate incident that is not at issue in this appeal.  Defendant admitted a prior strike conviction under the "Three Strikes" law (§ 1170.12, subds. (a)–(d)) and was sentenced to prison for an aggregate determinate term of 40 years.  At the plea

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    Counts 5 through 7 involved the incident at issue in this case.  Given that both crime participants share the same surname, we will refer to Rudolph Jones by his first name only.  We mean no disrespect.

hearing, the prosecutor asked, "Counsel for [defendant], do you stipulate to a factual basis, join in the plea and concur in the waivers?" Defendant's trial counsel responded, "Yes." The remaining eight counts of robbery and one count of attempted robbery were dismissed pursuant to the plea agreement.

On June 27, 2022, defendant filed a petition for resentencing pursuant to section 1172.6 (formerly section 1170.95, recodified without substantive change by Stats. 2022, ch. 58 § 10, eff. June 30, 2022).[3] Counsel was appointed for defendant. After receiving briefing from the parties, the court denied the petition based on a finding that defendant had not made a prima facie case for relief. The court stated, "the defendant was prosecuted as a sole person—sole and actual perpetrator of this crime, . . . making him ineligible for relief." Defendant's counsel declined argument, stating he would submit on the reply brief filed.

On November 6, 2023, defendant filed his notice of appeal.

### FACTUAL BACKGROUND[4]

On the morning of January 3, 2002, Dae Young Song was working behind the counter at Glenoaks Liquor in Sun Valley. Defendant and Rudolph entered the store together then separated once inside. Defendant went to the beer section, selected some beer, then approached the counter to ask Song about the price. Defendant then took out a gun and jumped over

---

[3] The actual petition is not contained in the appellate record, as it could not be located by the superior court clerk.

[4] The factual summary is based on the evidence presented at the preliminary hearing concerning the attempted murder charge.

the counter. Defendant fired a single gunshot toward Song's head. Song felt "wind" go over his head, but the bullet missed him.

After the shot was fired, Song stayed on the floor. He heard shuffling noises and people demanding money from the store's owner, Ok June Ahn. One of the men searched Song but took nothing. After the perpetrators left, Song noticed the store's safe was open and a bag of money was missing. The videotapes from the surveillance camera were also missing. Song did not see Rudolph with a gun.

## DISCUSSION

Defendant argues the superior court erred in denying defendant's petition for resentencing without issuing an order to show cause or holding an evidentiary hearing. Defendant also claims because he entered into a plea agreement soon after he was charged, no court or jury has made any findings as to his role in the events that gave rise to the charges. Thus, defendant argues, the superior court had a duty to issue an order to show cause and conduct a hearing at which the parties could offer new and additional evidence relevant to the issue of defendant's entitlement to relief. Because defendant was charged with a codefendant, defendant argues, nothing in the record of conviction conclusively establishes the identity of the actual perpetrator. Moreover, defendant contends nothing in the information precluded the prosecution from pursuing more than one theory of the case, including accomplice liability based on the natural and probable consequences doctrine.

### I.     Applicable law and standard of review

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, made "ameliorative changes to

4

our state's homicide law." (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*).) "As part of these ameliorative changes, malice, a key element the People must prove in a murder prosecution, may no longer be imputed to a defendant solely because the defendant participated in another crime." (*Ibid.*)

"The Legislature, to provide relief to those with existing murder convictions dependent on theories of the crime it had rejected, devised a path to resentencing." (*Patton, supra*, 17 Cal.5th at p. 558.) The Legislature has since "expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.'" (*Ibid.*; see § 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.) The current resentencing statute "provides that '[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts when' three conditions apply." (*Patton, supra*, at p. 558.) First, the charging document must have permitted the prosecution to proceed under a theory of attempted murder under a natural and probable consequences doctrine; second, the petitioner was convicted of the attempted murder charge or accepted a plea offer in lieu of trial on such a charge; and third, the petitioner could not presently be convicted of the charge given the changes to homicide law effective in 2019. (*Ibid.*)

A petition that includes a declaration the petitioner is eligible for relief entitles the petitioner to counsel. (§ 1172.6, subd. (b).) "'After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.'" (*Patton, supra*, 17 Cal.5th at p. 559.) If the petitioner makes a prima facie

showing, then the trial court issues an order to show cause and holds a hearing to determine whether to vacate the conviction and to recall the sentence and resentence the petitioner. (*Ibid.*)

At the prima facie stage of the petition process, the court may not engage in factfinding about the petitioner's culpability, but should deny a petition if the petitioner fails to make a prima facie showing. (*Patton, supra*, 17 Cal.5th at p. 563.) "'The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed' without the need for an evidentiary hearing." (*Ibid.*) "'"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"'" (*Id.* at p. 563.) "[T]here is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Id.* at p. 568.) This includes statements within a preliminary hearing transcript that the conviction was premised on the petitioner "being the sole shooter." (*Id.* at p. 569.)

This court independently reviews a trial court's determination that a petitioner failed to make a prima facie case for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

## II. Defendant is ineligible for resentencing as a matter of law

Prior to Senate Bill 1437, the prosecution was permitted to proceed under a natural and probable consequences theory of

6

liability for attempted murder. (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465.) Under the natural and probable consequences doctrine, the defendant is not the actual perpetrator of the attempted murder and need not have intended to encourage or facilitate the offense ultimately committed by the perpetrator. Instead, the defendant could be held liable for the offense "committed by the confederate" if it was a natural and probable consequence of the defendant's intended crime. (*People v. Prettyman* (1996) 14 Cal.4th 248, 262.) The natural and probable consequences doctrine is the only theory of liability on which section 1172.6 relief is permitted for the crime of attempted murder. (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)

The actual perpetrator of an attempted murder is ineligible for section 1172.6 relief as a matter of law because he was not held liable for the acts of another perpetrator or confederate. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

The record of conviction in this matter shows defendant is ineligible for relief under section 1172.6 as a matter of law because he was the sole shooter. As to the attempted murder charge, the information alleged that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and personally used a firearm (§ 12022.53, subd. (b)). No such personal firearm use or discharge allegations were made against codefendant Rudolph with respect to these counts. These charges and allegations reflect the prosecution's theory that defendant was the actual shooter who carried out the attempted murder. By charging the section 12022.53, subdivision (c) enhancement against defendant only, the prosecution elected a theory of attempted murder requiring proof that defendant was the sole shooter and direct perpetrator of the crime. The natural and

7

probable consequences theory was unavailable because these enhancements alleged personal liability on the part of defendant. (*People v. Superior Court* (*Pomilia*) (1991) 235 Cal.App.3d 1464, 1469 ["[W]hen the Legislature mandated a section 12022, subdivision (c) enhancement for those 'personally armed,' it intended to exclude vicarious liability . . . ."].)

Defendant pled guilty to the attempted murder charge and admitted the personal firearm discharge allegation. Thus, the plea disqualified defendant from relief under section 1172.6 because it reflected defendant was the sole and direct perpetrator of the shooting.

The preliminary hearing transcript also demonstrates that defendant was prosecuted as the sole actual shooter in the attempted murder. As set forth in *Patton, supra*, 17 Cal.5th at page 568, "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." The victim of the attempted murder, Song, described a single gunman and a single gunshot being fired. He identified defendant as the person who fired the shot. Rudolph was identified as an unarmed person who entered the store with appellant. The prosecutor conceded there was no evidence Rudolph was armed during this incident. The testimony, and the prosecutor's concession, meant the only theory of liability that could support defendant's plea had to be based on his admission to being the sole shooter.

The trial court did not err in determining defendant is ineligible for relief under section 1172.6 as a matter of law.

## III.    Preliminary hearing evidence

Defendant argues the preliminary hearing transcript should not be relied upon to place the burden on the petitioner to refute the evidence from the preliminary hearing. However, as

8

defendant acknowledged in a letter to this court, *Patton, supra*, 17 Cal.5th 549 has, since the time of the briefing in this appeal, established that courts may consult the preliminary hearing transcript preceding a guilty plea in determining whether a petitioner has set forth a prima facie case for section 1172.6 relief.

To create an issue of fact necessitating an evidentiary hearing, a petitioner may "point to specific facts that identify someone else as the direct perpetrator." (*Patton, supra*, 17 Cal.5th at p. 567.) A petitioner has multiple opportunities to do this not just in the petition, but in briefing and a hearing. (*Ibid.*) "But absent specific facts, no such dispute arises . . . from mere latent, speculative possibilities . . . ." (*Ibid.*)

As defendant has failed to identify specific facts necessitating an evidentiary hearing, his petition was properly denied as a matter of law.[5]

## IV.    No due process violation occurred

Defendant argues the trial court's denial of the petition without issuing an order to show cause or allowing defendant to present evidence at a hearing violated his procedural due process rights. Defendant cites *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346, for the proposition that a defendant's liberty interest "is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State."

We find defendant's state and federal due process claims to be meritless. Defendant was not deprived of a state-created right in this matter. Defendant remained convicted of attempted murder during the section 1172.6 process. (*People v. Guillory*

---

[5]    Respondent's indication of no opposition to remand at oral argument does not affect our analysis.

(2022) 82 Cal.App.5th 326, 335–336; *People v. Burhop* (2021) 65 Cal.App.5th 808, 815.)  Defendant is not being prosecuted for a crime and is not subject to additional punishment or any deprivation of liberty.  Instead, he is seeking leniency for a valid conviction.  (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 588–589.)

Because defendant is ineligible for relief as a matter of law under section 1172.6, his argument that he was deprived of a state-created due process right fails.  (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1030, fn. 7.)

## DISPOSITION

The order is affirmed.

CHAVEZ, J.

We concur:

ASHMANN-GERST, Acting P. J.

RICHARDSON, J.