Filed 10/21/25  P. v. Miranda CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336236 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA093251) |
| v. | |
| KING ISMAL MIRANDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Theresa A. Patterson and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

King Ismal Miranda (defendant) appeals from the superior court's order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  The court appointed counsel for defendant and, after briefing from both parties, denied the petition at the prima facie stage on the ground defendant was ineligible for relief as a matter of law.  We find no error and affirm the order.

## PROCEDURAL BACKGROUND

In 2016, defendant was charged with attempted willful, deliberate, and premeditated murder (§§ 187, 664, subd. (a); count 1); first degree residential robbery (§ 211; count 2); criminal threats (§ 422, subd. (a); count 3); assault with a deadly weapon, a knife (§ 245, subd. (a)(1); count 4); kidnapping to commit another crime (§ 209, subd. (b)(1); count 5); and first degree burglary (§ 459; count 6).  As to the attempted murder charge, it was alleged defendant personally inflicted great bodily injury upon the victim, Jorge Cuervo (§ 12022.7, subd. (a)).  It was further alleged that defendant personally used a deadly weapon, a knife, in the commission of counts 1–3, 5, and 6 (§ 12022, subd. (b)(1)), and defendant had served three prior prison terms (§ 667.5, subd. (b)).

Pursuant to agreement, defendant entered a plea of no contest to attempted murder and first degree residential robbery. He also admitted the great bodily injury and personal use of a deadly weapon allegations attached to the attempted murder charge, and he admitted the prior prison term allegations.

---

[1]     All further undesignated statutory references are to the Penal Code.

Defendant was sentenced to state prison for a total of 17 years four months.  The remaining counts were dismissed pursuant to the plea agreement.

On March 3, 2023, defendant filed a petition for resentencing pursuant to section 1172.6 (formerly § 1170.95, recodified without substantive change by Stats. 2022, ch. 58, § 10, eff. June 30, 2022).  Counsel was appointed for defendant.  After receiving briefing from the parties, the court denied the petition based on a finding that defendant had not made a prima facie case for relief.  The court noted, "I don't think there's a dispute that both sides say that the defendant . . . personally stabbed the victim."  The court found, "[B]ased upon the fact that the defendant admitted [to] a personal use of a weapon, a knife, [and] he admitted personal infliction of great bodily injury, there's no doubt that he stabbed Mr. Cuervo . . . .  [H]e's the actual stabber in this incident . . . ."

On December 19, 2023, defendant filed his notice of appeal.

## FACTUAL BACKGROUND[2]

In the early morning hours of September 21, 2015, Elvis Reyes was working on his car in the garage of his apartment complex.  Present with him were defendant, defendant's girlfriend, and Cuervo.  Earlier that evening, defendant had requested a knife from Reyes.  A few hours later, Reyes handed a knife to defendant.

Shortly thereafter, Reyes heard Cuervo screaming.  Reyes turned to see defendant using Reyes's knife to stab Cuervo in the

---

[2]    The factual summary is based on the evidence presented at the preliminary hearing concerning the attempted murder charge.

leg as Cuervo sat in the driver's seat of Reyes's car. When defendant then advanced toward Reyes, Reyes dropped his tools and asked, "What's going on?" Defendant raised the knife toward Reyes, threatening, "You're going to die today." When Reyes asked why, defendant accused Reyes and Cuervo of hitting defendant's girlfriend. Reyes denied ever touching her. Defendant's girlfriend, appearing scared, pleaded with defendant, "Don't do it. Don't do it"; after which defendant told Reyes that she had saved his life. Cuervo remained in the car, with the door locked, holding his chest.

## DISCUSSION

Defendant asserts the superior court erred in denying defendant's petition for resentencing without issuing an order to show cause or holding an evidentiary hearing. Defendant also claims because he entered into a plea agreement soon after he was charged, no court or jury has made any findings as to his role in the events that gave rise to the charges. Thus, defendant argues, the superior court had a duty to issue an order to show cause and conduct a hearing at which the parties could offer new and additional evidence relevant to the issue of defendant's entitlement to relief.

Defendant also argues though evidence at his preliminary hearing showed he was the actual perpetrator of the attempted murder, nothing in the record of conviction conclusively establishes the identity of the actual perpetrator. Moreover, defendant contends nothing in the information precluded the prosecution from pursuing more than one theory of the case, including accomplice liability based on the natural and probable consequences doctrine.

**I. Applicable law and standard of review**

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, made "ameliorative changes to our state's homicide law." (*People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*).) "As part of these ameliorative changes, malice, a key element the People must prove in a murder prosecution, may no longer be imputed to a defendant solely because the defendant participated in another crime." (*Ibid.*)

The relief provided to those with existing murder convictions dependent on theories of the crime now rejected has since "expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable consequences doctrine.'" (*Patton, supra*, 17 Cal.5th at p. 558; see § 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.) The current resentencing statute "provides that '[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts when' three conditions apply." (*Patton, supra*, at p. 558.) First, the charging document must have permitted the prosecution to proceed under a theory of attempted murder under a natural and probable consequences doctrine; second, the petitioner was convicted of the attempted murder charge or accepted a plea offer in lieu of trial on such a charge; and third, the petitioner could not presently be convicted of the charge given the changes to homicide law effective in 2019. (*Ibid.*)

"'After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.'" (*Patton, supra*,

5

17 Cal.5th at p. 559.)  If the petitioner makes a prima facie showing, then the trial court issues an order to show cause and holds a hearing to determine whether to vacate the conviction and to recall the sentence and resentence the petitioner.  (*Ibid.*)

At the prima facie stage of the petition process, the court may not engage in factfinding about the petitioner's culpability, but should deny a petition if the petitioner fails to make a prima facie showing.  (*Patton, supra*, 17 Cal.5th at p. 563.)  "'The record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'"  (*Ibid.*)  "'"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"'"  (*Ibid.*)  "[T]here is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."  (*Id.* at p. 568.)  This includes statements within a preliminary hearing transcript that the conviction was premised on the petitioner "being the sole shooter."  (*Id.* at p. 569.)

This court independently reviews a trial court's determination that a petitioner failed to make a prima facie case for relief.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

## II. Defendant is ineligible for resentencing as a matter of law

Prior to Senate Bill 1437, the prosecution was permitted to proceed under a natural and probable consequences theory of liability for attempted murder.  (*People v. Ramos* (2024) 103 Cal.App.5th 460, 465.)  Under the natural and probable consequences doctrine, the defendant is not the actual

6

perpetrator of the attempted murder and need not have intended to encourage or facilitate the offense ultimately committed by the perpetrator. Instead, the defendant could be held liable for the offense "committed by the confederate" if it was a natural and probable consequence of the defendant's intended crime. (*People v. Prettyman* (1996) 14 Cal.4th 248, 262; see also *People v. Muhammad* (2024) 107 Cal.App.5th 268, 277 [natural and probable consequences doctrine only imposes liability on accomplice, on aiding and abetting theory].) The natural and probable consequences doctrine is the only theory of liability on which section 1172.6 relief is permitted for the crime of attempted murder. (*People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)

The actual perpetrator of an attempted murder is ineligible for section 1172.6 relief as a matter of law because he was not held liable for the acts of another perpetrator or confederate. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

Here, the record of conviction demonstrates defendant is ineligible for relief under section 1172.6 as a matter of law because he was the sole actor—he stabbed Cuervo. Defendant fails to "point[] to specific facts that identify someone else as the direct perpetrator"; nor does the record reveal any. (*Patton, supra*, 17 Cal.5th at p. 567.)

The information alleged defendant personally used a knife, a dangerous and deadly weapon (§ 12022, subd. (b)(1)), and personally inflicted bodily injury (§ 12022.7, subd. (a)) during the course of the attempted murder. These charges and allegations reflect the prosecution's theory that defendant was the actual perpetrator who carried out the attempted murder. By charging these enhancements against defendant, the prosecution elected a

7

theory of attempted murder requiring proof defendant was the sole and direct perpetrator of the crime.  The natural and probable consequences theory was unavailable because these enhancements alleged personal liability on the part of defendant.  (*People v. Superior Court* (*Pomilia*) (1991) 235 Cal.App.3d 1464, 1469 ["[W]hen the Legislature mandated a section 12022, subdivision (c) enhancement for those 'personally armed,' it intended to exclude vicarious liability . . . ."].)

During defendant's plea hearing, he admitted he "personally used a deadly or dangerous weapon" and "personally inflicted great bodily injury upon [the victim]."  Thus, the plea itself disqualified defendant from relief under section 1172.6 because it reflected defendant was the sole and direct perpetrator of the stabbing.  (*People v. Muhammad, supra*, 107 Cal.App.5th at pp. 279–280 [admission of personal use and personal infliction of great bodily injury enhancements help establish defendant was "the sole, direct perpetrator"].)

The preliminary hearing transcript also demonstrates defendant was prosecuted as the sole actual perpetrator in the attempted murder.  As set forth in *Patton, supra*, 17 Cal.5th at page 568, "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."  The witness to the attempted murder, Reyes, described defendant as the individual with the knife stabbing Cuervo.  The only other person present, defendant's girlfriend, did not have a knife and was urging defendant to stop—apparently saving Reyes's life.  This testimony and the absence of any other potential assailant meant the only theory of liability that could support defendant's plea had to be based on his admission to being the sole actor and only stabber.

Furthermore, at the preliminary hearing, counsel argued the attempted murder count should be dismissed not because defendant was not the sole perpetrator, but because there was insufficient evidence to establish the attempt by defendant was premeditated.

The trial court did not err in determining defendant is ineligible for relief under section 1172.6 as a matter of law.

## III. Preliminary hearing evidence

Defendant argues the preliminary hearing transcript should not be relied upon to place the burden on the petitioner to refute the evidence from the preliminary hearing.[3]  However, as defendant acknowledged in his reply brief, *Patton, supra*, 17 Cal.5th 549 has established that courts may consult the preliminary hearing transcript preceding a guilty plea in determining whether a petitioner has set forth a prima facie case for section 1172.6 relief.  This claim is without merit.

## IV. Defendant did not receive ineffective assistance of counsel

Defendant argues, to the extent counsel agreed the trial court could rely on part of the preliminary hearing transcript in making its ruling, he was provided with ineffective assistance of counsel.  As discussed, the ruling in *Patton, supra*, 17 Cal.5th 549 supports counsel's concession.  Therefore, this claim also lacks merit.

## V. No due process violation occurred

Defendant argues the trial court's denial of the petition without issuing an order to show cause or allowing defendant to

---

[3]  Defendant's opening brief was filed prior to the court's ruling in *Patton, supra*, 17 Cal.5th 549.

present evidence at a hearing violated his procedural due process rights. Defendant cites *Hicks v. Oklahoma* (1980) 447 U.S. 343, 346, for the proposition that a defendant's liberty interest "is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State."

We find defendant's state and federal due process claims to be meritless. Defendant was not deprived of a state-created right in this matter. Defendant remained convicted of attempted murder during the section 1172.6 process. (*People v. Guillory* (2022) 82 Cal.App.5th 326, 335–336; *People v. Burhop* (2021) 65 Cal.App.5th 808, 815.) Defendant is not being prosecuted for a crime and is not subject to additional punishment or any deprivation of liberty. Instead, he is seeking leniency for a valid conviction. (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 588–589.)

Because defendant is ineligible for relief as a matter of law under section 1172.6, his argument that he was deprived of a state-created due process right fails. (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1030, fn. 7.)

## VI. Remand is not appropriate

Pointing to *Patton, supra*, 17 Cal.5th 549 and *People v. Glass* (2025) 110 Cal.App.5th 922 (*Glass*), defendant argues remand is appropriate to allow the court to consider an amended petition, should he choose to file one. In *Patton*, the court affirmed the denial of Patton's petition, but ordered the matter remanded to the superior court to allow him to file an amended petition, should he choose to do so. (*Patton*, at p. 570.) Relying on the guidance offered in *Patton*, the court in *Glass*, did the same. In this regard, however, *Patton* and *Glass* are distinguishable.

10

In *Patton*, after counsel was appointed, the People filed their opposition, but Patton did not file a reply brief. Instead, he relied on the form petition to make his prima facie case for eligibility. (See *Patton, supra*, 17 Cal.5th at pp. 565–566 ["Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not "'factfinding involving the weighing of evidence or the exercise of discretion.'""].) In *Glass*, the defendant filed a reply to the People's response but "did not include any facts . . . to support his conclusory allegation his convictions were based on a natural and probable consequences theory." (*Glass, supra*, 110 Cal.App.5th at p. 930.)

To create an issue of fact necessitating an evidentiary hearing, a petitioner may "point[] to specific facts that identify someone else as the direct perpetrator." (*Patton, supra*, 17 Cal.5th at p. 567.) A petitioner has multiple opportunities to do this not just in the petition, but in briefing and a hearing. (*Ibid.*) "But absent specific facts, no such dispute arises . . . from mere latent, speculative possibilities . . . ." (*Ibid.*)

Here, defendant did not rely only on conclusory allegations. Instead, he filed a comprehensive, substantive reply to the People's response, which was considered by the court. In it, defendant acknowledged being the actual stabber of Cuervo, but argued he was eligible for relief where he could be convicted of attempted murder under a theory of natural and probable consequences because "the stabbing of Jorge Cuervo was part and parcel of his theft related felonious acts" committed later against Reyes.

As discussed, *ante*, the actual perpetrator of an attempted murder is ineligible for section 1172.6 relief as a matter of law

11

because he was not held liable for the acts of another perpetrator or confederate. (*People v. Hurtado, supra*, 89 Cal.App.5th at p. 893.) Because the record of conviction does not reveal a path to eligibility for defendant, remand is not appropriate.

## DISPOSITION

The order is affirmed.

CHAVEZ, J.

We concur:

LUI, P. J.

RICHARDSON, J.