Filed 1/20/21  P. v. Arocha CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B302196 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A989460) |
| v. | |
| RUDY AROCHA, | |
| Defendant and Appellant. | |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, the Legislature changed felony murder law. (Stats. 2018, ch. 1015, § 3.) A participant in the perpetration of a designated felony offense can now be guilty of felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with intent to kill, aided and abetted a first degree murder; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life. (Pen. Code,[1] § 189, subd. (e).) The Legislature also enacted a petitioning mechanism, now codified at section 1170.95, to allow offenders previously convicted of murder by trial or plea to seek resentencing if they could not be convicted of murder under the recently enacted changes to felony murder law. Defendant Rudy Arocha (defendant) filed such a petition and the trial court denied it, finding the facts associated with his guilty plea to second degree murder established he was the actual killer. We consider whether defendant is ineligible for relief as an actual killer even though his fatal shooting of the victim was accidental.

## I. BACKGROUND

### A. *The Murder and Defendant's Guilty Plea*

In June 1989, the Los Angeles County District Attorney filed a felony complaint charging defendant with murder for killing Andrew Rodriguez. The complaint included a felony murder special circumstance allegation (§ 190.2, subd. (a)(17)) and an allegation that defendant personally used a firearm in the commission of the murder. By way of an amended complaint, defendant was also charged with robbery (§ 211).

---

[1] Undesignated statutory references that follow are to the Penal Code.

Before the trial court held a preliminary hearing on the complaint, defendant accepted a plea deal to resolve the case. He pled guilty to second degree murder and robbery, and he admitted the personal use of a firearm allegation. The prosecution agreed to strike the felony murder special circumstance allegation. During the plea colloquy, defendant (and his attorney) accepted this statement by the prosecutor as the factual basis for defendant's plea: "It is our understanding in this case that you [i.e., defendant] robbed an individual named . . . Sergio Quintero, and during the course of that robbery you accidentally shot a co-suspect, a person with whom you were committing that robbery, a friend named Andrew Rodriguez."[2]

---

[2] The probation report prepared in connection with defendant's sentencing recites the circumstances of the offense as follows: "On May 13, 1989, at approximately 5:50 a.m. in the 2000 block of South Maple Avenue, [defendant] while armed with a small caliber handgun and companion/victim Andrew Rodriguez stopped victim Sergio Quintiero on the pretext of asking what time it was. Either [defendant] or his companion/victim Rodriguez then knocked the victim Quintiero to the ground and companion/victim Rodriguez then started struggling with victim Quintiero going through his pockets, attempting to remove his wallet and/or property (Count Two). During this struggle, [defendant] displayed the small caliber revolver (.22 caliber) and cocked back the hammer and it subsequently discharged after being hit either [by] companion/victim Rodriguez or victim Quintiero during the struggle. Victim Rodriguez (Count One) was struck above the right eye by the discharged bullet. [Defendant] then fled the scene and ambulance personnel responded and the victim Rodriguez was then taken to the hospital and subsequently

3

The trial court sentenced defendant to 15 years to life for the murder. The court imposed a concurrent three-year prison term for the robbery and imposed and stayed a one-year term for the personal use of a firearm enhancement.[3]

### B.    Defendant's Petition for Resentencing

In April 2019, defendant filed an uncounseled section 1170.95 petition for resentencing. With his petition, defendant submitted a pre-printed declaration on which he checked boxes to assert the complaint filed against him was premised on a theory of felony murder, he was convicted by plea of second degree murder, and he was not Rodriguez's actual killer. Defendant annotated his pre-printed form declaration with various handwritten comments, including "robbery victim 'resisted' accidentally killing co-perp[etrator]."

The trial court appointed counsel for defendant. The prosecution opposed defendant's petition and argued (among other things) defendant was ineligible for resentencing because he was the actual killer. Attached to the prosecution's opposition were copies of the original felony complaint filed against defendant, transcripts of defendant's plea and sentencing

---

died . . . ."
We do not rely on the probation report's recitation of these circumstances in resolving this appeal. We instead rely only on the facts defendant admitted as the factual basis for his guilty plea.

[3]    In 2008, a jury convicted defendant for a crime he committed while in prison. For that conviction, defendant received a consecutive sentence of 25 years to life.

4

hearings, and defendant's presentence probation report. Defendant's attorney filed a reply to the prosecution's opposition. In pertinent part, the reply contended the prosecution bore a "heavy burden" to prove defendant ineligible and implied the prosecution did not carry that burden because defendant admitted during his plea colloquy that he accidentally shot Rodriguez during the course of the robbery.

The trial court denied defendant's section 1170.95 petition without issuing an order to show cause. The court found defendant was not eligible for relief because the "facts show that he was the actual shooter."

## II. DISCUSSION

The trial court correctly ruled defendant is ineligible for section 1170.95 relief. In entering his guilty pleas, defendant admitted he personally used a firearm and, during the course of a robbery, accidentally shot Rodriguez, his accomplice. These admissions establish there can be no dispute defendant personally fired the fatal shot. As we shall briefly explain, that makes him Rodriguez's actual killer no matter whether the death was an accident. Defendant's related claim of due process error in resolving his section 1170.95 petition is also meritless.

Senate Bill 1437, which became effective January 1, 2019, was enacted to "'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Section 1170.95, the retrospective

relief provision enacted as part of Senate Bill 1437, permits an offender to petition for resentencing "where all three of the following conditions are met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a)(1)-(3).)" (*Martinez, supra*, 31 Cal.App.5th at 723.)

Defendant argues the record of conviction does not establish he cannot satisfy the third of these conditions. He contends the facts in the record are insufficient to show he was Rodriguez's actual killer as a matter of law. Defendant believes there must be evidence of what he calls "actual causation," i.e., evidence he personally and directly killed Rodriquez, and he believes such evidence is lacking because he theorizes the actual killer was not him but whoever knocked the gun he was holding, causing it to discharge accidentally.

Defendant's argument fails because the admissions he made in pleading guilty make him an "actual killer." (§ 189, subd. (e) ["A participant in the perpetration . . . of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer"]; see also § 189, subd. (a) [robbery is a listed felony].) Defendant admitted personal use of a firearm in connection with Rodriguez's murder. And he also admitted he

6

"robbed an individual named . . . Sergio Quintero, and during the course of that robbery [he] accidentally shot" Rodriguez. Though it was undisputed defendant did not intend to kill Rodriguez, these are still facts that leave no doubt he was personally holding the gun that fired the fatal shot. That makes him ineligible for section 1170.95 relief as an actual killer. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [affirming denial of section 1170.95 petition where the jury convicted defendant of second degree murder and found true a personal firearm discharge allegation that meant the jury found the defendant was the actual killer and the changes to sections 188 and 189 were "'inapplicable'"].)

Our focus on defendant's admitted personal use and discharge of the firearm when deciding whether he was the actual killer is consistent with the understanding of the term in Senate Bill 1437's legislative history, i.e., that an actual killer is someone who "personally" commits an act that results in the victim's death. (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1437 (2017-2018 Reg. Sess.) June 25, 2018, pp. 5-6 ["Under the provisions of this bill, an individual would not be liable for 2nd [degree] murder under a theory of felony murder unless the individual *personally committed* the act that resulted in death"], italics added; Sen. Rules Com., Senate Floor Analysis of Sen. Bill No. 1437 (2017-2018 Reg. Sess.) May 29, 2018, p. 1 ["This bill revises the felony murder rule to prohibit a participant . . . to be imputed to have acted with implied malice, unless he or she *personally committed* the homicidal act"], italics added.) It is also consistent with precedent discussing the meaning of what it means to be an actual killer. (*People v. Jennings* (1988) 46 Cal.3d 963, 979 [an actual killer for purposes of section 190.2, the felony

7

murder special circumstance statute, is someone who "personally killed" the victim in the commission of the offense].) Defendant's argument to the contrary, by contrast, incorrectly assumes a person can personally commit an act that results in death only if there is no other act that might also have contributed to the death. (See, e.g., *People v. Modiri* (2006) 39 Cal.4th 481, 493 ["The term 'personally,' which modifies 'inflicts' . . . does not mean exclusive [¶] . . . [¶] [N]othing in the terms 'personally' or 'inflicts' . . . necessarily implies that the defendant must act alone in causing the victim's injuries"]; *People v. Ollo* (2019) 42 Cal.App.5th 1152, 1154-1155, 1158, review granted Mar. 18, 2020, S260130.)

Relying on *Hicks v. Oklahoma* (1980) 447 U.S. 343, defendant separately argues the trial court denied him a liberty interest without due process of law because it denied his petition without holding an evidentiary hearing. The argument is meritless because the requisite liberty interest does not exist here—where defendant is the one petitioning to reduce an existing, duly imposed criminal sentence. (See *Dillon v. United States* (2010) 560 U.S. 817, 826; *In re Clark* (1993) 5 Cal.4th 750, 780 [constitutional due process guarantees demand appointment of counsel in postconviction proceedings "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause"].) Defendant has a right to fair procedures, but the right is to those procedures specified by section 1170.95 itself. And there is no argument by defendant that those statutory procedures were not adhered to (except insofar as he contends there was insufficient evidence of his ineligibility for relief as a matter of law—an argument we have already rejected).

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.



9